## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELLEN DELAINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-1502 (RJL)** |
| **GIANT FOOD STORES, <u>et. al.</u>** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### <u>FEDERAL DEFENDANT'S MOTION TO DISMISS</u>

Defendant United States of America ("Federal Defendant") respectfully moves, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss the instant action against it. Plaintiff has cited no basis on which this Court would have jurisdiction over the United States in this kind of action, and Federal Defendant is aware of none. Moreover, Plaintiff's amended complaint fails to allege that the federal government caused her any injury and she seeks no relief or damages from the United States. Consequently, this action should be dismissed as it pertains to Federal Defendant.

In support of this motion, Federal Defendant relies on the points and authorities contained in the accompanying memorandum.  A proposed order consistent with this motion is attached.


Respectfully submitted,


/s/
_____
JEFFREY A. TAYLOR, D.C.  Bar #498610
United States Attorney


/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
_____
KATHLEEN KONOPKA, D.C. BAR # 495257
Assistant United States Attorney
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 616-5309

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ELLEN DELAINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-1502 (RJL)** |
| **GIANT FOOD STORES, et. al.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERAL
DEFENDANT'S MOTION TO DISMISS**

The United States respectfully submits this memorandum of points and authorities in

support of its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6).

**I.    The Complaint**

Plaintiff apparently initiated this action alleging injury pursuant to a series of events

surrounding an assault that she suffered in a Giant supermarket.  (See Amended Complaint "Am.

Compl.").  While the United States is listed in the caption of Plaintiff's amended complaint, no

federal entity is accused in the body of the complaint of contributing in any way to this assault or

the ensuing events.

Indeed, the only reference in the complaint to a federal entity is in conjunction with

Plaintiff's recitation regarding a prior case that she filed in 2004, in which she alleged that

"various federal, District, and local governments along with other agencies of private and

corporate sector within the United States" conspired to invade Plaintiff's privacy by placing her

3

"under surveillance by means of unauthorized use of wiretaps and electronic devices for oral and audio communication when [Plaintiff] used their restrooms, walked in this park, talked, when I was there to mourn over the death of a family member, and this information was intercepted and wrongfully disclosed and published." (Am. Compl. at 6, 8). This prior suit was dismissed by this Court on September 23, 2004. See Delaine v. United States, et. al., Civ. Action No. 04-872 (Memorandum Opinion attached as Exhibit 1).

## II.     Legal Standards for Dismissal

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 543 U.S. 809 (2004). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.

See id.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports her claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). The court is to treat the complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant plaintiffs "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

### III.    Analysis

A party seeking to sue the United States bears the burden of demonstrating that a specific statutory provision waives the government's sovereign immunity from suit. See United States v. Sherwood, 312 U.S. 584, 586 (1941). Unless Congress has consented to a cause of action against the United States, there is no jurisdiction in any court to entertain such suit. Id. at 587-88. This principle extends to federal agencies as well, which are immune from suit absent a showing of a waiver of sovereign immunity. See United States v. Nordic Village, 503 U.S. 30 (1992); United States v. Testan, 424 U.S. 392 (1976). Only Congress can waive the United States' sovereign immunity, and it must do so "unequivocally . . . in statutory text." Lane v. Pena, 518 U.S. 187,

192 (1996).  Furthermore, waivers of sovereign immunity are "construed strictly in favor of the sovereign."  United States Dep't of Energy v. Ohio, 503 U.S. 607, 614 (1992).  "Sovereign immunity is jurisdictional in nature."  FDIC v. Meyer, 510 U.S. 471, 475 (1994).

In this case, Plaintiff cites no statute or other authority for waiving sovereign immunity.  Rather, she asserts that she has been the victim of "constitutional torts."  (Am. Compl. at 10).  Although Plaintiff has not invoked it, one common source for a waiver of sovereign immunity against the United States is the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, ("FTCA"). However, the FTCA specifically exempts from its waiver any suit for constitutional torts.  28 U.S.C. §§ 2679(b)(1) and (b)(2); Meyer, supra, 510 U.S. at 477 ("the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."); see Laswell v. Brown, 683 F.2d 261 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983); Birnbaum v. United States, 588 F.2d 319, 327-28 (2nd Cir. 1978).

The FTCA also mandates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); Kubrick v. United States, 444 U.S. 111, 117-18 (1979) (noting that Courts are not to extend this waiver of sovereign immunity beyond what Congress intended).  Although phrased in the disjunctive, "this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." Houston v. United States Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987) (citing numerous cases). See also Willis v. United States, 719 F.2d 608, 612 (2d Cir. 1983); Schuler v.

6

United States, 628 F.2d 199, 201 (D.C. Cir. 1980).

Plaintiff makes no claim that she has met this administrative hurdle, and, to the best of Defendant's knowledge, she has not done so. Accordingly, Plaintiff has failed to properly exhaust her administrative remedies, and this Court has no basis to exercise jurisdiction over the United States in the instant matter. See Kubrick, 444 U.S. at 117-18.

Additionally, Plaintiff's amended complaint provides no basis for this Court to exercise its jurisdiction over Federal Defendant, because it states no claim against it upon which relief could be granted, or otherwise. See Child v. Beame, 417 F.Supp. 1023 (S.D.N.Y. 1976) (when a defendant is merely named in the caption of the complaint, but is nowhere claimed to have caused injury to the plaintiff, the complaint against him must be dismissed) (citing Potter v. Clark, 497 F.2d 1206 (7th Cir. 1974)). As articulated above, Plaintiff's only reference to a federal entity in the instant action, other than in the caption of the complaint, comes in the Plaintiff's recitation of allegations made in a prior case. Plaintiff claims no further injury by the federal government specific to and flowing from the events which form the basis for the instant suit and makes no prayer for relief against Federal Defendant. (Am. Compl. at 12). Thus, the case against the United States cannot stand.

Finally, to the extent that the Court construes Plaintiff's narrative as claiming new allegations of the United States conspiring with its local and private counterparts to subject Plaintiff to surveillance and recording and publishing her communications while she is in a federal park, the Court cannot exercise jurisdiction over these claims because they are "essentially fictitious." See Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989)). "Examples of essentially fictitious claims are 'bizarre conspiracy

7

theories,' 'fantastic government manipulations of [one's] will or mind,' and 'any sort of supernatural intervention.'" <u>Carone-Ferdinand v. CIA</u>, 131 F.Supp.2d 232, 234 (D.D.C. 2001) (<u>quoting</u> <u>Best,</u> 39 F.3d at 330).

## IV.    Conclusion

For the above indicated reasons, this Court has no basis for exercising jurisdiction over Federal Defendant in this case and Plaintiff has failed to state a claim against it.  Thus, the action against the United States must be dismissed.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C.  Bar #498610
United States Attorney

____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

___/s/_____
KATHLEEN KONOPKA, D.C. BAR # 495257
Assistant United States Attorney
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 616-5309

## CERTIFICATE OF SERVICE

I hereby certify that on this **25th** day of, **October 2006**, I placed a copy of the foregoing

**FEDERAL DEFENDANT'S MOTION TO DISMISS** in the first class United States mail,

postage prepaid, marked for delivery to:

Ellen L. Delaine
5608 14th Street, NW
Washington, DC 20011
*Pro se Plaintiff*

Valerie Dawson
405 Rock Creek Church Road
Washignton DC 20011
*Pro Se Defendant* (non ECF)

William Fralin
c/o Jeffrey R DeCaro, esq.
4601 Forbes Blvd.
Suite 200
Lanham MD 20703
*Defendant* (non-ECF)

    /s/
KATHLEEN KONOPKA
Assistant United States Attorney