UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA


Ellen L. Delaine,

        Plaintiff,

                                        Civil Action No. 06-1502(RJL)

V.

Giant Food Stores, et al.,

              Defendants.


## Plaintiff's Opposition To Federal Defendant's Motion To Dismiss

      Plaintiff respectfully moves to deny Defendant, United States ("Federal Defendant") Motion To Dismiss the instant action against it. Plaintiff has cited basis on which this Court would have jurisdiction over the Federal Defendant in this kind of action and the Federal Defendant is aware of. Plaintiff's Amended Complaint alleges that the Federal Defendant caused her injury and she seeks relief and damages from the United States. Consequently this action should not be dismissed as it pertains to Federal Defendant.

      In support of this Opposition, Plaintiff relies on the opposing points and authorities contained in the accompanying memorandum.

**RECEIVED**

NOV 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Respectfully submitted,

Ellen L. Delaine

Ellen L. Delaine
5608-14th Street N.W.
Washington, D.C. 20011
(202)-829-1745

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Ellen L. Delaine,

                     Civil Action No. 06-1502 (RJL)

          Plaintiff,

    v.

Giant Food Stores, et al.

           Defendants.


Memorandum Of Opposing Points And Authorities In Support Of Plaintiffs Opposition To Federal Defendants Motion To Dismiss


      Plaintiff, Ellen L. Delaine, respectfully submits this Memorandum of opposing points and authorities in support of her Opposition To Federal Defendants Motion To Dismiss pursuant to Federal Rules of Civil Procedures 12 (b)(1) and 12 (b)(6).


I. Background

      Plaintiffs Motion to Amend Complaint to include the Federal Defendant filed in Superior Court for District of Columbia was granted on November 1, 2005. Plaintiff mailed her Amended Complaint accompanied by a letter entitled, "Addressed To The Court" to the D.C. Superior Court Clerks Office on November 16, 2005 and it was filed with the Clerk on November 21, 2005. Plaintiff's accompanying letter, "Addressed To The Court" states therein that

Plaintiff was falsely arrested at the Ronald Reagan Washington National Airport on October 26, 2005 where she was preparing a related case document involving an injury she sustained on a Washington Metropolitan Area Transit Bus on October 28, 2004, pending in this Court civil action number 05-839, and Plaintiff was injured during her false arrest and was involuntarily committed to a Northern Virginia Hospital and Plaintiff stated in her letter that her arrest was an asserted estoppel overt act in furtherance of the conspiracy, whereby she was injured, in order to prevent her from filing in court her related case documents. Plaintiff also stated therein her letter "Addressed To The Court" that she requested the Court Clerk to issue her Amended Complaint and summons to the defendants named in the Amended Complaint. The certificate of service of Plaintiff's letter, "Addressed To The Court" shows that a copy was also mailed to U.S. District Court for D.C., Civil Processing Clerk, whereby Plaintiff had forwarded to them her Amended Complaint in the case of Glen Delaine v. Washington Metropolitan Area Transit Authority, C.A #05-839, and requested for the Clerk to forward that Amended Complaint and summons to the named defendants, which also included the Federal Defendant, because Plaintiff is proceeding in these cases in forma pauperis and was currently involuntarily committed and unable to personally handle these matters (see attached Exhibit 1).

D.C. Superior Court Clerk and U.S. District Court for D.C. Clerks did not honor Plaintiff's request from her letter "Addressed To The Court" even though Plaintiff had that right when proceeding in forma pauperis. On January 4, 2006 Plaintiff forwarded by certified mail with return receipts the Amended Complaint in this instant matter to all named defendants, including the Federal Defendants

United State office of Attorney General and the United
States Attorneys office authorized designees for process
of service (Exhibit 2). Plaintiffs Motion for an Enlargement
of Time To File Affidavits of Service of the Amended Complaint
was granted by D.C. Superior Court Judge Neal Krawitz's
Order of February 1, 2006, giving Plaintiff until March 3, 2006
to do so. On February 15, 2006 Plaintiff filed with D.C.
Superior Court Civil Clerk the Affidavits of Service By Certified
Mail with attached green card return receipts for U.S.
Attorney's Office that was signed by T. Neebinsin on Jan-
uary 20, 2006; and for U.S. Office of Attorney General that
was signed on January 16, 2006 by Ernest L. Pecks (Exhibit 3).
On March 20, 2006 Plaintiff requested D.C. Superior Court
Civil Clerk, pursuant to SCR-Civ. P. 54 II, to issue the
Amended Complaint, Summons, initial order with acknowledg-
ment form to all defendants named in the Amended Comp-
laint, including Federal Defendant (Exhibit 4).

On July 5, 2006 Plaintiff filed a Default Judgment
Motion against Federal Defendant for failure to comply with
court rules in answering the Amended Complaint within the
prescribed time, and on July 7, 2006 D.C. Superior Court
Order of Judge Neal Krawitz denied her Default Judgment
against the Federal Defendant and Judge Neal Krawitz
personally defended on behalf of the Federal Defendant and
stated that the Affidavits of Certified Mail Service filed
by Plaintiff did not have the attached certified mail receipts
and further stated that the names of the persons who signed
the receipts were not proven to be authorized to accept
service of process on behalf of the Federal Defendant (Exhibit 5).
Plaintiff had stated therein her July 5, 2006 Default
Judgment Motion against the Federal Defendant that on March
20, 2006 D.C. Superior Court Civil Clerk, pursuant to SCR-Civ.
P. 54 II, had also effected service of process upon the

3

Federal Defendant but D.C. Superior Court Order of Judge Neal Kravitz completely ignored that fact. On July 17, 2006 Plaintiff filed a Motion to Vacate Superior Courts July 7, 2006 Order denying her Default Judgment Motion against the Federal Defendants and attached copies of the green card return receipts that were attached to the filed February 15, 2006 Affidavits of Service by certified mail; and copies of the summons and acknowledgement forms that D.C. Superior Court Clerk issued upon them on March 20, 2006; and Plaintiff filed a signed affidavit to her Motion, pursuant to SCR Civ. P. 54(c) and 55(a) demanding relief for 5 million dollars in punitive damages and for 5 million dollars in compensatory damages against Federal Defendant.

On July 27, 2006 D.C. Superior Court Order of Judge Neal Kravitz denied Plaintiff's July 17, 2006 Motion To Vacate D.C. Superior Courts July 7, 2006 Order Denying her Default Judgment against Federal Defendant and once again Judge Neal Kravitz personally defended on behalf of the Federal Defendants who never answered the complaint, and stated that the certified mail receipts signed for by Ernest L. Peeks and T. Neebinson fails to show they meet the appropriate qualifications for receipt of service, and Judge Kravitz again completely ignored the proven evidence that on March 20, 2006 the Clerk, pursuant to SCR Civ. P. 54 II, effected service of process upon the Federal Defendant.

On August 7, 2006 Plaintiff filed a Motion To Alter or Amend the July 27, 2006 Superior Court Order Denying Her Motion to Vacate July 7, 2006 Superior Court Order Denying her Default Motion against the Federal Defendants and stated therein that the Courts job is to make judgements based on the parties pleadings and to not plead on

4

be half of the parties especially when an involved party failed to comply with court rules in answering the complaint, and especially after they were again served with process by D.C. Superior Court Clerk, pursuant to SCR-Civ. P. 54 II, with the Amended Complaint, Summons, initial order with acknowledgement form that states that failure to comply, a default judgment may be taken against you for the relief demanded. This motion was also denied.

On August 25, 2006 the Federal Defendant still had not answered Plaintiffs Amended Complaint but filed a Notice of Removal of this case with United States District Court Clerk which stated that D.C. Superior Court shall proceed no further with this case unless it is remanded. Copies of the Notice of Removal were filed in D.C. Superior Court, Civil, and copies were forwarded to all defendants named in the case. On September 27, 2006 after the Federal Defendant filed their Notice of Removal of this case, D.C. Superior Court Order of Judge Neal Kravitz Denied Plaintiff's Second Motion for Reconsideration of the July 7, 2006 Order denying her Motion for Default Judgment against Federal Defendant and once again Judge Kravitz Pleaded on behalf of Federal Defendant and stated that Plaintiff has persisted in her failure to prove that Ernest L Jecks and T. Nee binsin who signed the certified mail receipts in January 2006 were authorized to sign for service of process, and Judge Kravitz still persisted to ignore Plaintiff's proven evidence showing that on March 20, 2006 the D.C. Superior Court Clerk, pursuant to SCR-Civ. P. 54 II made service upon Federal Defendant, D.C. Superior Court Judge Neal Kravitz further ordered for the Director of the Civil Division to have U.S. Marshalls to effect service of process on the Federal Defendant and by November 15, 2006, the U.S. Marshall or his

5

designee shall file a statement showing Federal Defendant was properly served. The District of Columbia defendants were also dismissed from this action by D.C. Superior Court Order of Judge Neal Kravitz on September 27, 2006, after the August 25, 2006 Notice of Removal of this case (Exhibit 6).

On October 4, 2006 D.C. Superior Court Order of Judge Neal Kravitz stated that he was just informed of the August 25, 2006 Notice of Removal due to a telephone conversation that Plaintiff had with his clerk (Exhibit 7), and he stated that on October 4, 2006 he will close the case and will allow U.S. District Court for D.C. to decide on the District Defendants dismissal that he ordered after the August 25, 2006 Notice of Removal that stated that D.C. Superior Court was to proceed no further on this case.

Plaintiff also filed a default judgment motion against defendant, William S. Fralin, in this instant case on July 17, 2006 for failure to comply with Court rules in answering the Complaint and Plaintiff stated therein her motion that she effected service of process upon him by certified mail with return receipt and filed in D.C Superior Civil Clerks office an Affidavit of Service by Certified Mail with attached green card return receipt showing his signature and signed date of January 12, 2006. Plaintiff also stated in her Default Judgment against him that D.C. Superior Court Clerk, pursuant to SCR Civ. P. 54-II issued the Amended Complaint, Summons, initial order with acknowledgement form upon him on March 20, 2006 and that he failed to comply with Court rules in answering the Amended Complaint. Plaintiff also attached to her Default Judgment against him a signed Affidavit demanding relief, pursuant to SCR Civ. P. 54(e) and

55 (a)(6') in the sum amount 2 $2,500,000.00 in punitive damages, and $2,500,000.00 in compensatory damages, for a total of $5,000,000.00 in damages against him. On July 27, 2006 D.C. Superior Court Order of Judge Neil Kravitz denied Plaintiff's default judgment against him and Judge Neal Kravitz personally defended on behalf of Defendant, Fralin, and stated that Plaintiff again failed to submit the certified mail receipt for proof of service. On August 7, 2006 Plaintiff filed a Motion To Vacate July 27, 2006 D.C. Superior Court Order, Denying her Motion for Judgment by Default against Defendant, Fralin, and Plaintiff stated therein that the Court ignored her proven evidence showing that defendant, Fralin, was served with process by the Clerk, pursuant to SCR-Civ. P. 54 I, on March 20, 2006 after he had been served by certified mail with return receipt by Plaintiff in January, 2006. Plaintiff attached copies of proof of service by certified mail with receipts attached to her filed Affidavits g service on February 15, 2006 in the Clerks office, and copies of the March 20, 2006 summons and acknowledgement forms issued by D.C. Superior Court Civil Clerk. On August 15, 2006 Defendant, Fralin, filed in D.C Superior Civil Court an Opposition To Plaintiff's Motion To Vacate D.C. Superior Court Order Denying Motion for Judgment by Default against him and stated therein that he never signed the certified mail receipt on January 12, 2006 acknowledging receipt g service of process, and stated that he is a member in good standing of D.C. Bar an an officer of the Court. He further stated that he prepared an Affidavit and stated therein, that proper service had not been made upon him, and attached a copy of

his D.C. Drivers License showing his signature. On August 21, 2006 Plaintiff filed with D.C. Superior Civil Court a "Reply" to Opposition of Defendant, William S. Fralin's Motion To Vacate Order Denying Plaintiff's Motion for Judgment By Default against him, and Plaintiff stated therein that her Amended Complaint in this instant action is a related case to her 2004 lawsuit filed in D.C. Superior Court, civil action # 04-377 (Exhibit 8) as it involves the same defendants and same subject matters, and that her copy of the Affidavit of Service by certified mail served on defendant, Fralin, in the above mentioned case (Exhibit 8) that was answered by his attorney in his Motion To Dismiss Superior Court civil action # 04-377 (Exhibit 8), bears the identical signature on the green card certified mail return receipt as is shown on the certified mail return receipt that bears his signature and date signed, January 12, 2006 on the Affidavit of Service by certified mail that Plaintiff filed in D.C. Superior Court on February 15, 2006 in this instant action. Plaintiff also stated therein her August 21, 2006 "Reply" in this instant action that his Affidavit was intentionally made in bad faith and that his attached copy of his D.C. Drivers License is fraudulent because the date of birth that is shown is incorrect as Defendant, Fralin, is a much older person than the age or the date of birth shown on his copy of his D.C. Drivers License (see "Plaintiff's Reply To Opposition of Defendant William S. Fralin To Plaintiff's Motion To Vacate Order Denying Motion To r Judgment By Default" D.C. Superior Court, civil action # 05-1639 (August 21, 2006).

On September 27, 2006, after the August 25, 2006 Notice of Removal of this civil action was

filed by Federal Defendant, D.C. Superior Court Judge Neil Kravitz ordered that the plaintiff and defendant, Fralin, shall appear in his courtroom on October 12, 2006 at 11 o'clock AM for an evidentary hearing on Plaintiff's Motion (Exhibit 6). But on October 4, 2006 Judge Neal Kravitz Ordered that he was just informed of the August 25, 2006 Notice of Removal and therefore he cancelled the Evidentary hearing of October 12, 2006 with defendant Fralin and Plaintiff but did not vacuate his September 27, 2006 Order that dismissed the District Defendants (Exhibit 7)

## II  The Complaint

Plaintiff's Amended Complaint in this instant action alleges therein that it is a related case to her 2004 lawsuit filed in D.C. Superior Court, civil action #04-377 (Exhibit 8) that was removed on May 27, 2004 to U.S. District Court for District of Columbia, civil action #04-872, and was appealed in the U.S. Court of Appeals for D.C., Appeal number #) 04-5420, as it involves the same defendants and same subject matters of continual offenses and overt acts in furtherence of the conspiracy, whereby plaintiff was injured.

Plaintiff alleged in her Amended Complaint in this instant action that her attack of assault and battery by assailant (Valerie Dawson) on September 19, 2004 at the Giant food store at the location of 3460-14th Street N.W., Washington, D.C., whereby Plaintiff was injured, was an asserted estoppel, overt act in furtherence of the conspiracy to prevent Plaintiff from filing a related case document that was due to be filed in U.S. District Court for D.C., civil action#

04-872, on September 20, 2004 which involved Plaintiff's Reply to the District Defendants' Opposition To Plaintiff's Motion For Reconsideration & the D.C. Superior Court Order of May 24, 2004 that Dismissed them as a party defendant from the action.

Plaintiff alleged in her Amended Complaint that on Sunday, September 19, 2004 at approximately seven o'clock a.m. she was at the Rock Creek Park at the location of 16th Streets and Kennedy, N.W., seated at a picnic table across from the William Fitzgerald Tennis Center, preparing her related case document due for filing in U.S. District Court for D.C. civil action #04-872, on September 20, 2004, before she had arrived at the Giant food Store at 8 o'clock A.M. that day where she was assaulted and battered and was injured. Plaintiff further alleged therein her Amended Complaint that while at Rock Creek Park she was continuously under surveillance by means of unauthorized use of wire and electronic devices for audio and oral communications and that her privacy was invaded and her private facts regarding the contents of her documents, her activities while there, what time she entered or departed the park, which bus she boarded and what time, etc., were wrongfully disclosed and published, and that Federal Defendant had been participating as a member in concerted actions in this civil conspiracy of invasion of her rights as she had alleged in her 2004 lawsuit in Superior Court, civil action #04-377, and U.S. District Court, civil action #04-872, and in her Appeal in U.S. District Court of Appeals, Appeal No. 04-5420, that Plaintiff sustained continual offenses and attacks by the United States Park Police. Therefore, the Federal Defendant participating as members in concerted actions with the District Defendants, and they also in concerted actions

10

with defendant, Giant Food Stores Inc, knew exactly what time Plaintiff departed the WMATA bus to enter the Giant food store, for defendant, Giant Food Store, Inc, to participate as members in concerted actions to effectuate the purpose of the conspiracy. The federal Defendants are not just listed in the caption of Plaintiffs Amended Complaint but are accused in the body of the complaint of contributing to the assault and the ensuing events surrounding the assault that Plaintiff suffered at the Giant supermarket.

Plaintiff's 2004 lawsuit filed in D.C Superior Court, civil action # 04-377, alleges a civil conspiracy of invasion of rights in a continuing intentional tort doctrine for a continuing intentional infliction of emotional distress by concerted actions that began in 1999 and the offenses and injuries are still in the process of being committed. Plaintiff alleges that the conspirator defendants named in the complaint have continually violated her constitutional, civil, human and individual rights by spying on her, terrorizing her, and keeping her under surveillance by unauthorized use of wire and electronic devices for audio and oral communications and that federal, local government, private and corporate sector United States agencies including Metro Transit Authority Systems, Greyhound bus lines, Inc, Safeway and Giant Food Stores, United States Park Police, and other organizations and individuals have participated in concerted actions in this civil conspiracy of invasion of Plaintiffs rights. Plaintiff also alleged that she has encountered violent physical attacks and threats from police and police security personnel, and individuals who participate as members in concerted actions, and her privacy is continually invaded and Plaintiff is being used for commercial purposes without her consent,

11

and that these offenses and violations of her rights occur throughout the United States, wherever she travels to, and that she has sustained continual offenses and overt acts in furtherance of the conspiracy, whereby she was injured throughout the United States (Exhibit 8).

Plaintiff's Amended Complaint in this instant action also alleges that on September 8, 2004, she was intentionally assaulted and battered by assailant, Valerie Larson, at the New Hope Housing, Inc./Eleanor Kennedy Shelter, in Fairfax, Virginia, where Plaintiff was temporarily residing, and Plaintiff alleged in her Amended Complaint that it was more than a mere coincidence that the assailant's name, Valerie Larson, is almost identical to the assailant's name from Giant Food Store in Washington, D.C. on September 19, 2004, named Valerie Dawson. Plaintiff is currently appealing her case against New Hope Housing, Inc./Eleanor Kennedy Shelter, in D.C. Court of Appeals, Appeal number 05-1415, because her motion in DC Superior Court Civil action no.# 05-7204B, to include defendant, United States, whom she named in her original complaint and stated that her case is related to her 2004 Lawsuit (Exhibit 8) was denied in Superior Court.

Plaintiff also alleged in her letter, "Addressed to the Court," that accompanied her amended complaint in this instant action, that her October 26, 2005 false arrest and attack by the Washington Airport Police whereby she was injured, was also an asserted estoppel overt act in furtherance of the conspiracy whereby she was not only injured, but, involuntarily committed to a Northern Virginia Hospital in order to prevent Plaintiff from filing a related case document in U.S. District Court for D.C. Civil action # 05-839, involving another asserted estoppel overt act in furtherance of the conspiracy whereby Plaintiff

12

was injured on a WMATA bus on October 28, 2004 to prevent her from filing in court the following day a related case document due in U.S. District Court for D.C., civil action # 04-872, which was Plaintiff's Reply to the District Defendants Opposition to her Motion for a New Trial of the U.S. District Court for D.C. Order of September 23, 2005 (the Federal Defendants referred to as October 25, 2006 Motion To Dismiss) when she forwarded a copy of her letter entitled "Clerk of the Court" to the U.S. District Court for D.C. division, to ask the Clerk to forward an Amended Complaint in the civil action 05-839, case of Ellen Delaine v. WMATA, to the named defendants, which also includes the Federal Defendants. The Clerk did not honor Plaintiff's request, because, it is proceeding in that case informa pauperis, the other case of Ellen Delaine v WMATA, civil action 05-839, is currently pending in this court, also a related case.

Plaintiff's Amended Complaint in this instant action, states there in that on September 23, 2005 Plaintiff filed a Relief from Judgment Motion in the United States Court of Appeals for D.C., Appeal number # 045420, from the U.S. District Court for D.C. September 23 2005 Order of Judge Gladys Kessler, civil action # 04-872, that dismissed her Complaint, and included in her Relief Motion, pursuant to FRCP 60, additional new evidence of facts and findings of continuing offenses and overt acts in furtherance, the conspiracy involving the details of her assault and battery attack by assailant Valerie Larson on September 8, 2004 at the New Hope Housing, Inc / Eleanor Kennedy Shelter; and details of her assault and battery attack by assailant, Valerie Dawson,

13

on September 19, 2004 at the Giant Food Store on 14th
Street N.W., Washington P.C.; and details of her injury
on WMATA Bus on October 29, 2004 in Washington, D.C.,
and numerous other various occurrences of offenses
and overt acts in futherence of the conspiracy, whereby
she was injured, and that occurred throughout the
United States, involving the same defendants and
same subject matters and same U.S. Code provisions
and statutes violations.

 Plaintiffs. Amended Complaint in this instant action
alleges Constitutional Torts violations of U.S. Code Title 18,
Ch. 13 - Selected Civil Rights statutes, Sect.'s 241. Conspiracy
against rights, Sect. 242 - Deprivation of rights under color of
Law, Sect. 245 (2)(F) Federally protected activities; Chapter
19 - Conspiracy, Sect. 371 - Conspiracy to Commit Offense or
defraud United States, Sect. 373 + Solicitation to Commit A
Crime of Violence; Chapter 119 - Selected statutes on
Electronic Surveillence and Wiretaps, Sect. 2511 (1)
Interception and disclosure of wire or oral communicat-
ion prohibited, Sect. 2518 - Procedures for interception
of wire or oral communication. Also, intentional torts
of assault and battery, fraud, invasion of privacy,
false imprisonment, emotional distress, and Plaintiffs
sued for compensatory and punitive damages + Plaintiffs
other related cases filed in United States Courts alleges
the same U.S. Code provisions violations and intentional
torts and involves the same defendants and same
subject matters.

 Federal Defendants October 25, 2006 Motion
To Dismiss, Pg. 4, states therein that this Court dismissed
the case of Delaine v. U.S. et al, C.A. #04-872 on
September 23, 2004 (Federal Defendants attached Memo.
Opinion, Exhibit 1), Federal Defendants Exhibit I-

14

September 23, 2004 Memorandum Opinion by Judge Gladys
Kessler states therein on pg 3 that "On February 11, 2004,
the District Of Columbia Superior Court Dismissed the
State Defendants from this action. The Superior Court
Order that dismissed the State Defendants was dated May
27, 2004 which was three days before the case was removed
to this Court, and the date was not February 11, 2004
(Exhibit 9). Also stated therein on page 3 of the
Federal Defendants Exhibit 1, is that on July 9, 2004,
defendant, William Fralin, filed a Motion To Dismiss.
Defendant William Fralin never filed a Motion To Dismiss
in this Court but instead filed his Motion To Dismiss in
D.C. Superior Court on June 23, 2004 (Exhibit 10) after
having received notice from D.C. Superior Court that
the case was closed on May 27, 2004 and no further
filing will be accepted in Superior Court (Exhibit 11).
D.C Superior Court Order of July 20, 2004 denied
defendant, William Fralin's Motion To Dismiss because
the case was closed in D.C. Superior Court (Exhibit 12).
        Federal Defendants also stated in their October
25, 2006 Motion To Dismiss, Exhibit 1 - Memo. Opinion,
pages 1-2 " This matter is now before the Court on
the Motions To Dismiss filed by the Federal Defendants
and individual defendants and Plaintiffs Motion for
Reconsideration of the D.C. Superior Courts Dismissal
of the State Defendants. Upon consideration of the
Motions, Oppositions, and the entire record herein, and
for the reasons stated below, Defendants Motions To
Dismiss are granted and Plaintiffs Motion for Reconsid-
eration is denied." Also stated on page 5 of Federal
Defendants Exhibit 1 - Memo. Opinion, footnote #7 is,

15

"since the Court is dismissing the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) it need not address the alternate defenses raised by Defendants in their Motions To Dismiss or Plaintiffs Arguments in her Motion for Reconsideration of D.C Superior Courts Dismissal of the State Defendants".

On October 7, 2004, Plaintiff filed with this Court a "Motion for a New Trial, Amendment of Judgment and Relief from Judgment of the September 23, 2004 U.S. District Court Order that dismissed her complaint, Civil action #04-872; and on October 18, 2004 only the District Defendants filed an Opposition to Plaintiffs Motion for a New Trial; Amendment of Judgment and Relief from Judgment." On November 3, 2004 U.S. District Court for D.C. Judge Gladys Kessler's Order denied Plaintiffs Motion for a New Trial; Amendment of Judgment and Relief from Judgment (Exhibit 13). The federal defendants never filed a "Reply" to Plaintiffs Opposition to their Motion To Dismiss, Civil action# 04872 that was ordered to be filed by August 15, 2004 by Judge Gladys Kessler, and their Motion To Dismiss was granted on September 23, 2004 (see U.S. District Court for D.C., civil action# 04872, Docket Entries).

On or about November 15, 2004 Plaintiff received by mail from U.S. District Court for D.C. Clerks office her October 29, 2004 "Reply to District Defendants Opposition To Plaintiff's Motion for a New Trial," that was filed and stamped by the Clerk on October 29, 2004, the day after Plaintiff was injured on WMATA Bus on October 28, 2004; and at the bottom of Plaintiffs October 29, 2004 original "Reply" that was returned to her by mail was written, "Leave to file denied - Case dismissed 9-2404", without any signature from the person who

16

wrote it or any explanation why it was returned to Plaintiff, cause nothing else was contained in the envelope (Exhibit 14A - Cover page to the October 29, 2004 document).

On or about November 15, 2005 Plaintiff appeared in the U.S. District Court Civil Clerks office and spoke with Judge Gladys Kessler's Deputy Clerk, Robert Elliott, for an explanation of the returned original "Reply" document that was accepted in the clerks office for filing on October 29, 2004 as was shown on the date stamp. Deputy Clerk, Robert Elliott, stated that Judge Kessler wrote the command on the bottom of Plaintiff's returned "Reply" and he also stated that he would get her to put her signature on it by the end of that day. While there waiting, Plaintiff obtained updated docket sheets pertaining to her case and observed that her October 29, 2004 "Reply" document that was returned to her by mail was not reflected on the docket entry sheet as being filed with the Court. It was not until November 17, 2004 after Plaintiff had repeatedly returned each day to the Clerks office, that Deputy Clerk Robert Elliott finally gave Plaintiff a sealed envelope that contained Plaintiff's original "Reply" of October 29, 2004, now containing the date on the bottom of the cover page of 11/16/04 and Judge Kessler's signature (Exhibit 14B - cover page of October 29, 2004 "Reply" of Plaintiff with signature and date of Judge Kessler).

Judge Gladys Kessler again ignored the Clerks date stamp of October 29, 2004 that Plaintiff's Reply was filed with the Clerk and Judge Kessler's November 3, 2005 Order that denied Plaintiff's Motion for a New Trial stated that Plaintiff did not file a "Reply", was not corrected by her, seeing clearly that Plaintiff did file her "Reply" in the Clerks office on October 29, 2004. Plaintiff never received by mail the November 3, 2004

Order that denied her motion for a New Trial that the Certificate of service stated that a copy was mailed to Plaintiff. Plaintiff appealed that Order in U.S. Court of Appeals for D.C., Appeal No. 04-5420, and used this example of rights invasion as an issue raised on her appeal, and Plaintiff has recently submitted a tort claim regarding this intentional offense.

## III. Legal Standards for Dismissal

Plaintiff has demonstrated beyond doubt that she can demonstrate the set of facts that supports her claims for relief. Plaintiff's August 2, 2004 "Motion for Reconsideration of Motion To Dismiss Defendants District of Columbia, et al., and Opposition To Motion To Dismiss United States Government, et al., civil action #04872, filed in this Court specifies particular U.S. Codes provisions and statues violations; alleges details, dates, locations, and times and names of the attacks in the Complaint", C.A # 04377, and additional new evidence of details of offenses and overt acts in furtherence of the conspiracy whereby Plaintiff was injured, C.A. #04-872; and identifies the roles of the defendants in connection to her allegations in complaint which gives them fair notice of the claims against them; and and Plaintiff gives specific allegations of the incidents involving the police, ie., dates, locations, names, etc. and gives the defendants fair notice of the claims and grounds upon which it rests. Plaintiff also gave new evidence and additional facts and findings of continuing offenses in her Relief from Judgment Motion, pursuant to F.R.C.P. -60, filed in U.S. Court of

Appeals for D.C., Appeal number 04-5420, on September 23, 2005, also citing dates, times, locations, names, particular constitutional code provisions and statutes violations, details of incidents, offenses and overt acts in furtherance of the conspiracy whereby Plaintiff was injured after the September 23, 2004 U.S. District Court Order that dismiss her case, civil action # 04812, which Plaintiff appealed.

Plaintiff has more than well demonstrated sets of facts that support her claims for relief. Plaintiff's claims are not essentially fictitious "bizarre conspiracy theories", fantastic government manipulations of one's will or mind or any sort of supernatural intervention. Plaintiff is the victim of a civil conspiracy of invasion of rights in a continuing intentional tort doctrine for a continuing intentional infliction of emotional distress by concerted actions, and overt acts in furtherance of the conspiracy whereby Plaintiff was injured.

## II Analysis

Federal Defendants stated in their October 25, 2006 Motion To Dismiss, Page 7, that "Plaintiff has failed to properly exhaust her administrative remedies and this Court has no basis to exercise jurisdiction over the United States in the instant matter." On April 6, 2006 Plaintiff admitted to the United States Department of Justice an Administrative Tort Claim including the occurrences of her attack on September 19, 2004 at the Giant Food Store in Washington, D.C.; her assault and battery attack on September 8, 2004 at the New Hope Housing, Inc. (Eleanor Kennedy Shelter

in Fairfax, Virginia, whereby Plaintiff was injured, her October 28, 2004 injury on WMATA Bus in Washington, D.C., and various numerous other occurrences & overt acts in furtherence & the conspiracy whereby Plaintiff was intentionall offended and injured by agency repre- sentatives and individuals who participated as members in concerted actions in this civil conspiracy and that these offenses occurred throughout the United States and are related cases to Plaintiff's 2004 lawsuit, civil action # 04-377 (Exhibit 8), involving the same defend- ants and same subject matters.

The U.S. Justice Department responded to Plaintiff by letter dated October 23, 2006 and stated that they received her Administrative Tort Claim and that they were forwarding copies of it to the appropriate federal agencies (Exhibit 15). Plaintiff has related cases complaints filed in D.C. Superior Courts and U.S. District Court for D.C., and U.S. District Court for Eastern Region of Virginia, and Plaintiff is currently filing new related case complaints & continual offenses and overt acts in furtherence & the conspiracy whereby Plaintiff was injured, as these continual offenses are still currently in the process of being committed. All of these related case complaints involve the same U.S. Code provisions and statute violations and intentional torts, and involves the same defendants and same subject matters.

Federal Defendants October 25, 2006 Motion To Dismiss stated therein that this Court cannot exercise jurisdiction over Plaintiff's claims because they are essentially fictitious and examples of essentially fictitious claims are bizarre conspiracy theories, fantastic govern- ment manipulations of [one's] will or mind and any

sort of supernatural intervention (see Federal Defendants October 25, 2006 Motion To Dismiss, pages 7-8), and that Plaintiff's Complaint should be dismissal under Federal Rules of Civil Procedures 12(b)(6) because it is beyond doubt that Plaintiff can demonstrate no set of facts that support her claim.

Federal Defendants Exhibit 1- Memorandum Opinion of September 23, 2004, U.S District Court for D.C. Judge Gladys Kessler, pg. 4 also states that it is clear that Plaintiff's Complaint is the very type of "bizarre conspiracy theory" or fantastic government manipulation of the will or mind or any sort of supernatural intervention that our circuit has said warrants dismissal under Rule 12b(1). The September 23, 2004 U.S. District Court for D.C. Order of Judge Gladys Kessler (Exhibit 16) also states, "This matter is now before the Court on the Motions To Dismiss filed by the Federal and individual defendants and Plaintiff's Motion for Reconsideration of the D.C. Superior Court's Dismissal of the State Defendants. Upon consideration of the Motions, Oppositions, and the entire record herein, and for the reasons stated in the accompanying memorandum opinion, it is Ordered that the Case is dismissed (Exhibit 16, p.'s 1-2)

Additionally, Plaintiff's Amended Complaint does provide basis for this Court to exercise its jurisdiction over the Federal Defendant, because it clearly states claims upon which relief can be granted. The federal defendant is not just merely named in the caption of the Amended Complaint, but is claimed to have contributed to causing injuries to the Plaintiff and the Complaint against the Federal Defendants must not be dismissed. Plaintiff's references to the

21

Federal Defendant are consistant throughout her allegations made in her other related cases involving the same defendants and same subject matters of a civil conspiracy of invasion of rights in a continuing intentional tort doctrine for a continuing intentional infliction of emotional distress by concerted actions, and overt acts in furtherence of the conspiracy whereby Plaintiff was injured. Plaintiff makes prayer for relief against Federal Defendant because her claims are not essentially freticious, bizarre conspiracy theories, fantastic governmental manipulations of ones will or mind or any sort of supernatural intervention that the circuit courts warrants dismissal.

Plaintiff continues to receive medical treatment for injuries sustained as a result of overt acts in furtherence of the conspiracy that caused her injuries.

## V. Conclusion

For the above mentioned reasons this Court has more than ample basis for exercising jurisdiction over Federal Defendants in this case. And Plaintiff has not failed to state a claim against it. Thus, the action against the United States must not be dismissed.

Respectfully submitted

Ellen L. Delaine
5608-14th Street N.W.
Washington, D.C. 20011
(202) 829-1795

22

Certificate Of Service

I Hereby Certify that a copy of the foregoing Plaintiff's Opposition To Federal Defendants Motion To Dismiss with attached Memorandum of Opposing Points and Authorities In Support Of Plaintiff's Opposition To Federal Defendants Motion To Dismiss, with attached Exhibits, was mailed first class, postage prepaid, this 36th day of November, 2006 to:

Kathleen Kanopka,
Assistant United States Attorney
555 - 4th Street N.W. -Civil Division
Washington, D.C. 20530

Ellen L. Delanie

23