UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

APR 17 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **ELLEN DELAINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 06cv1502 (RJL) |
| | ) | |
| **GIANT FOOD STORES,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION
(April 17, 2007) [#2]

Ellen Delaine, proceeding *pro se*, has sued Giant Food Stores, the District of Columbia, the United States of America and numerous named individuals for damages arising out of an alleged assault. Currently before the Court is the United States's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is GRANTED.

### ANALYSIS

A district court should grant a defendant's 12(b)(6) motion to dismiss only when it is clear that no relief could result under any facts consistent with the complaint's allegations. *Conley v. Gibson*, 355 U.S. 41, 45-47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C.Cir.1997). To that end, courts will construe a complaint liberally in the plaintiffs' favor, and assume the truth

of all factual allegations.[1] *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102 (D.C.Cir.1985). Courts need not, however, accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271 (D.C. Cir. 1994).

In this case, plaintiff has named the United States as a defendant but has failed to allege any involvement by the United States in the alleged assault against her. In fact, other than a passing reference to the United States in her discussion of a prior case, Ms. Delaine fails to make any mention of the United States at all. Indeed, even assuming that Ms. Delaine intended to accuse the United States of participating in the conspiracy to surveil and intimidate her that she alleges in the Complaint, she has failed to offer any factual support for that allegation. Accordingly, Ms. Delaine has failed to state a claim against the United States, and its motion to dismiss must therefore be GRANTED.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

---

[1] Courts hold *pro se* litigants to an even less stringent standard in recognition of the hardships they face when pleading without the assistance of counsel. See *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C.1987).