SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ELLEN L. DeLAINE, )<br>  Plaintiff )<br> )<br> v. )<br> )<br> )<br>GIANT FOOD STORES, INC., )<br>  Defendant ) | Case No. 05CA1639<br>Calendar 7<br>Judge Kravitz |

## ORDER GRANTING "DEFENDANTS DISTRICT OF COLUMBIA AND SHERYL ELLISON'S SECOND MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMMARY JUDGMENT"

This matter is before the Court on the motion of defendants District of Columbia and Sheryl Ellison, filed on August 18, 2006, to dismiss the amended complaint for failure to state a claim upon which relief can be granted, *see* Super. Ct. Civ. R. 12(b)(6), or, in the alternative, for summary judgment, *see* Super. Ct. Civ. R. 56. The defendants contend that the plaintiff has failed to allege or prove facts sufficient to support claims of civil conspiracy or invasion of privacy against them. The defendants contend further that the plaintiff failed to provide the District of Columbia with pre-suit notice, as required by D.C. Code § 12-309 (2001), and that the amended complaint must be dismissed as to defendant Ellison pursuant to Rule 4(m) of the Superior Court Rules of Civil Procedure due to the failure of the plaintiff and the United States Marshals Service to file timely proof of service. The plaintiff has not filed a timely response to the defendants' motion.

### Legal Standard

The Court has considered several matters outside the pleadings -- specifically, the affidavits of defendant Ellison and Mia Powell Liley and the portion of the transcript of the deposition of the plaintiff taken by defendant Giant Food Stores, Inc. and appended to



the defendants' motion. The Court therefore will consider the defendants' motion as one for summary judgment under Rule 56.

To prevail on a motion for summary judgment, the moving party must demonstrate, based upon the pleadings, discovery, and any affidavits or other materials submitted, that there is no genuine issue as to any material fact and that it is therefore entitled to the entry of judgment in its favor as a matter of law. *Grant v. May Department Stores Co.*, 786 A.2d 580, 583 (D.C. 2001); Super. Ct. Civ. R. 56(c). A trial court considering a motion for summary judgment must view the pleadings, discovery materials, and affidavits or other materials in the light most favorable to the non-moving party and may grant the motion only if a reasonable jury, having drawn all reasonable inferences in favor of the non-moving party, could not find for the non-moving party based upon the evidence in the record. *Grant*, 786 A.2d at 583 (citing *Nader v. De Toledano*, 408 A.2d 31, 42 (D.C. 1979)); *Bailey v. District of Columbia*, 668 A.2d 812, 816 (D.C. 1995). The moving party has the initial burden of proving that there is no issue of material fact in genuine dispute. If the moving party carries its initial burden, then the non-moving party assumes the burden of establishing that there is an issue of material fact in genuine dispute. *Grant*, 786 A.2d at 593 (citing *O'Donnell v. Associated Gen. Contractors of America, Inc.*, 645 A.2d 1084, 1086 (D.C. 1994)).

## Discussion

Despite the plaintiff's failure to file a timely opposition to the defendants' motion, the Court has scrutinized the record to determine whether it contains any genuine disputes concerning facts that are material to the plaintiff's claims of civil conspiracy and invasion of privacy against defendants District of Columbia and Sheryl Ellison. The

record contains no such disputes. Specifically, there is no competent evidence in the record that defendants District of Columbia and Sheryl Ellison had anything to do with any conspiracy relating to the plaintiff or with any unlawful invasion of the plaintiff's privacy. Nor is there even a suggestion in the record that the plaintiff complied with the pre-suit notice requirements of D.C. Code § 12-309 (2001). The Court therefore concludes that defendants District of Columbia and Sheryl Ellison are entitled to the entry of judgment in their favor as a matter of law on all claims alleged against them in the amended complaint.[1]

Accordingly, it is this **27** day of September 2006

**ORDERED** that the defendants' motion is **GRANTED**. It is further

**ORDERED** that summary judgment is hereby entered in favor of defendants District of Columbia and Sheryl Ellison on all claims brought against them in the amended complaint.

_____
Neal E. Kravitz, Associate Judge
(Signed in Chambers)

DOCKETED In Chambers SEP 27 2006
MAILED From Chambers SEP 27 2006

Copies mailed to:

Michele Hinerman, Esq.
1100 Connecticut Avenue, NW
Suite 600
Washington, DC 20036

Ellen L. DeLaine
5608 14th Street, NW
Washington, DC 20011

---

[1] Given the Court's determination that defendant Ellison is entitled to the entry of summary judgment in her favor, the Court need not reach the defendants' alternative argument that defendant Ellison is entitled to dismissal of the amended complaint under Rule 4(m).

Joseph L. Gibson, Esq.
6811 Kenilworth Avenue
Suite 210
Riverdale, MD 20737

Valerie Dawson
405 Rock Creek Church Road, NW
Washington, DC 20011

Sheryl Ellison
913 Decatur Street, NW
Washington, DC 20011

William S. Fralin
4525 Klingle Street, NW
Washington, DC 20016

Dana DeLorenzo, Esq.
Assistant Attorney General
441 4th Street, NW
Washington, DC 20001

US Department of Justice
950 Pennsylvania Avenue
Room B-103
Washington, DC 20530

United States Attorney's Office
501 3rd Street, NW
Civil Processing Clerk Division
Washington, DC 20001