UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA, CIVIL

Ellen L. Delaine,

Plaintiff,

v.

Giant Food Stores, Inc., et al.,

Defendants.

Civil Action No. 06-1502 (RJL)

RECEIVED

JUN 28 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff's Opposition To Motion Of Defendant William S. Fralin, To Dismiss Plaintiff's Complaint and/or Plaintiff's Motion For Judgment By Default

Comes Now Plaintiff, Ellen L. Delaine, and pursuant to Fed. R. Civ. P. 55 (b)(2) and 56(g), moves herein to Oppose defendant, William S. Fralin's, Motion To Dismiss Complaint and requests this court to enter a judgment by default against him, including reasonable expenses, and any offending party or attorney may be adjudged guilty of contempt for Affidavits presented in bad faith.

Bases Of The Case

Defendant, William S. Fralin, intentionally makes a continual repetitious pattern of: ① failing to comply with court rules in answering the Complaint and pleadings within the courts prescribed time after having received service; ② tampering with court evidence; ③ submitting pleadings and affidavits made in bad faith containing sworn false statements and false representations of material facts made

1

with the knowledge of the falsity of his statements, solely for the purpose of defrauding the court and for delay and to falsely Project Plaintiff.

Defendant, Frelius, June 8, 2004, U.S. District Court for District of Columbia's "Motion To Dismiss Plaintiff's Complaint", and his submissions in D.C. Superior Court in this instant matter and no other related cases involving the same defendants and same subject matter as in this instant action, are perfect examples of Plaintiff's afore mentioned allegations. As grounds in support thereof, Plaintiff states the following reasons:

<u>Background Of The Case</u>

1. Plaintiff's instant action alleges therein that her case is a related case to her 2004 D.C. Superior Court lawsuit, civil action no. 04-377 in Delaine y. District of Columbia, et al, alleging a civil conspiracy & invasion of rights in a continuing intentional tort doctrine for a continuing intentional infliction of emotional distress by concerted actions that began in 1999, involving Constitutional and Common law torts, and continual repetitions over acts in furtherance of the conspiracy whereby Plaintiff was injured, and that defendant Grant food Stores, Inc. was participating as a member in concerted actions (Exhibit 1). On April 16, 2004 Plaintiff filed in D.C. Superior Court civil clerk's office an affidavit of service by certified mail with attached signed and dated return receipt from defendant, William S. Frelin dated April 10, 2004 (Exhibit 2). D.C. Superior Court Notice dated June 8, 2004 stated that civil action no. 04-377 has been removed to U.S. District Court for District of columbia as of May 27, 2004 and no further pleading will be accepted for filing in D.C. Superior Court whereby all parties involved received a copy of the notice of removal (Exhibit 3). In an envelope post dated June 24, 2004 Plaintiff received by mail from the return address of Moore & Associates in Washington, DC "Defendant William S. Frelin's

2

Motion To Dismiss For Failure To State A Claim" signed by Thomas R. Mooers of Mooers & Associates, that does not allege therein insufficiency of service or insufficiency of service of process and the certificate of service states that on June 23, 2004 copies were mailed to all defendants named in the complaint (Exhibit 4). U.S. District Court for District of Columbia Civil Docket text notes the notice of removal from D.C. Superior Court, civil action no. 04377, on May 25, 2004 and entered it no. U.S. District Court for District of Columbia, civil action no. 04-872 in: Delaine v. U.S. Assistant Attorney for the District of Columbia, et al. on May 28, 2004 involving the same defendants in this instant action (Exhibit 5). Superior Court Order of July 29, 2004 denied "Defendant, William Fralin's Motion To Dismiss for Failure To State A Claim" as moot because the case was removed to U.S. District Court on May 27 2004, and further ordered that the case is now closed.

2. On September 23, 2004 U.S. District Court for District of Columbia Order dismissed Plaintiffs case in: Delaine v. U.S. Assistant Attorney for District Columbia, et al, civil action no. 04-872 and Ordered defendant William Fralin's Motion To Dismiss granted. The accompanying Memorandum Opinion at 3 stated therein that on July 9, 2004, defendant, William S. Fralin filed a Motion To Dismiss. Defendant, William S. Fralin never filed a motion to Dismiss in U.S. District Court for District of Columbia in: Delaine v. U.S. Assistant Attorney for District of Columbia, civil action no. 04-872 (Exhibit 8). Defendant, Fralin, intentionally failed to comply with court orders by filing his Motion To Dismiss in D.C. Superior Court on June 23, 2004 after her received D.C. Superior Court June 8, 2004 Order stating that the case was removed to U.S. District Court for District of Columbia on May 27 2004 and that any unresolved motion in this case prior to its removal is moot as of the date of this notice and that no further pleading will be accepted for filing in Superior Court (Exhibit 3). D.C. Superior Court July 20, 2004 Order denied defendant, William Fralin's June 23, 2004 Motion To Dismiss for failure to state a claim because the case was removed

on May 27, 2004 to U.S. District Court for Districts Columbia (Exhibit 6).

Plaintiff appealed U.S. District Court for D.C. Order dismissing civil action no. 04872 in Delaine v. U.S. Assistant Attorney for Districts Columbia, et al, in U.S. Court of Appeals for Districts Columbia; Appeal No. 04-5420 and filed additional related cases involving the same defendants and same subject matters of new evidence of continued repetitious overt acts in furtherance the conspiracy in her September 23, 2005 (Motion of Appellant, Ellen L. Delaine, for Relief from Judgment of the September 23, 2004 Order of Judge Gladys Kessler and the November 3, 2004 Order of Judge Gladys Kessler" in Appeal no. 04-5420 in Delaine, Appellant v. U.S. Assistant Attorney for the Districts Columbia, et al, Appellees.' Plaintiff also filed these related cases in United States District Court for Districts Columbia and in D.C. Superior Court, whereby defendant, William S. Fralin, was properly served with process of the complaint and summons and he continued to intentionally make a repetitious pattern of failing to comply with court rules in answering the complaint and pleadings within the courts prescribed time after he had been served, he continued to present affidavits made in bad faith containing false statements and false misrepresentations of material facts in order for the reader to rely on the misrepresentation, and were made with the knowledge of the falsity of his statements solely for the purpose of defrauding the court and for delay. Among these other related cases filed in United States courts includes Plaintiff complaints filed in:

9) U.S. District court for D.C., civil action no. 05-1751 in Delaine v. U.S. Postal Service, et al, involving an emotional distress claim arising from a September 1, 2004 occurrence at the Washington, D.C. Capital Location Post office when a Postal employee's conduct became outrageous and uncivilized while acting within the scope of her employment and other continual repetitious overt acts in furtherance of the conspiracy that occurred at Post offices throughout the United States. Defendant, Fralin, signed the certified mail return on November 25, 2005 acknowledging receipt of service of the complaint and summons. Attached is a copy of the summons and the certified

4

mail return receipt signed and dated by defendant, William S. Fralin (Exhibit 9). Defendant, Fralin, never filed a responsive Pleading to Plaintiffs complaint, and never appeared in the case and was dismissed on September 19, 2006 by U.S. District Court for D.C. Order and the accompanying Memorandum Opinion at 1 states that although the docket reflects service of summons and complaint upon William S. Fralin he has not appeared in the case (Exhibit 10) Defendant, Fralins, writing and signature on the certified mail return receipt (Exhibit 9) appears identical to his writing and signature in the certified mail return receipt signed and dated on April 10, 2004 attached to Plaintiff's Affidavit of Service by certified mail in D.C. Superior Court, civil action no. 04-377 (Exhibit 2)

b. D.C. Superior Court, Civil action no. 2006 CA003352 B  in: Delaine V. Wings N' Things, et al. involving a May 18, 2005 assault and battery overt act in furtherance of the conspiracy whereby Plaintiff was injured by a store customer due to the intentional negligence of the store manager who had continually participated as a member in concerted actions in a civil conspiracy of invasion of Plaintiff's rights.

Defendant, William S. Fralin was served with the complaint, summons, initial order with acknowledgement form by D.C. Superior Clerk, pursuant to SCR Civ. 54-II, on May 3, 2006 and on June 29, 2006 Plaintiff filed a Default Judgment motion against him for failing to comply with Court Rules in answering the complaint (Exhibit 11). On August 15, 2006 Defendant, Fralin, filed an "Opposition To Plaintiff's Motion for Judgment by Default" and stated therein that service was never made upon him and that Plaintiff had no factual or legal basis for obtaining a judgment by default against him (Exhibit 12). On August 21, 2006 Plaintiff filed a "Reply to Opposition of Defendant, William S. Fralin, To Plaintiff's Motion for Judgment by Default," with attached exhibit 1, copy of D.C. Superior Court civil Docket Entry showing that on May 3, 2006 the Clerk mailed the Complaint, Summons, initial order, with acknowledgement form to his address at: 4525 Klingle Street N.W., Washington, D.C. 20016 and the Clerks tracking number is: 5000016834; and the attached exhibit 2 is a copy of the SCR CivForm

1-A Notice And Acknowledgement for service by mail (Exhibit B). On August 25, 2006 Plaintiff filed in D.C. Superior Court a Praecipe with an attached Superior Court SCR Civ. Form 1-A-Notice and acknowledgement Form by service by mail upon Defendant Fralin and Plaintiff asked the Court to her 'August 21, 2006' Reply To Opposition of Defendant, William S. Fralin, To Plaintiff's Motion for Judgment by Default' as the correct attached Exhibit 2, because she had attached the wrong defendant's Notice and acknowledgement Form to her original pleading (Exhibit 14.) Also, the SCR Civ Form 1-A-Notice and Acknowledgement for service by mail from Superior Court Civil Clerk states that if you do not complete and return the form to the sender within twenty (30) days after it has been mailed, you may be required to pay any expenses incurred in serving a summons, complaint, and initial order in any manner permitted by law; and if you do complete and return the form, you must answer the complaint within twenty days after you have signed, dated, and returned the form, or if you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint (Exhibit 14.)

On August 25, 2005 Superior Court Order denied Plaintiff's motion for Judgment by Default against Defendant, Fralin and further ordered that Defendant Fralin, is dismissed from the lawsuit because as stated in Defendant, Fralin's, Opposition to Plaintiff's Motion for Judgment by Default against him, Plaintiff alleged no conduct by Fralin in her complaint (Exhibit 15). Defendant Fralin's Opposition To Plaintiff's Default Judgment Against him alleged only that as service was never made on defendant Fralin in this matter, Plaintiff has no factual or legal basis for obtaining a default judgment against him. There was no mention in his opposition to any defense of the allegations in Plaintiff's complaint (Exhibit 12).

C) D.C. Superior Court, civil action no. 2006 CA 3397 B in Delaine v. Greyhound Buslines, Inc, et al. involving a May 5, 2005 assault overt act in furtherance of the conspiracy by a Greyhound employee while acting within the scope his employment and continued repetitious overt acts in furtherance of the conspiracy over a span of time, whereby Plaintiff

6

was continually injured throughout the United States while in or on the facilities and premesis of Greyhound Bus lines.

Defendant, William S. Tralin, was mailed the complaint, summons, initial order, with acknowledgement form by the Clerk pursuant to SCR 54-II in this instant action on May 4, 2006 at his address of 4575 Klingle Street N.W., Washington, D.C. and the Courts tracking number for that issuance is 5 0000 1686, as is shown on Superior Court Civil Docket sheet in Plaintiff's June 24, 2006 Motion for Judgment by Default Against defendant, Williams Tralin, Attachment A (Exhibit 16). Also stated in Plaintiff's Default Judgment is that the Civil Docket Sheets shows that on May 18, 2006 Mr. Joseph L. Gibson, attorney for the Delaine Defendants, filed the Delaine Defendants Motion to Dismiss, and also states that Attorney, Mr. Joseph L. Gibson, is attorney on behalf of defendants, Thomas A. Delaine, Franklin P. Delaine, and Williams Tralin (Exhibit 16, Attachment A.) Plaintiff alleged in her Default Judgment Motion (Exhibit 16) that the May 18, 2006 Delaine Defendants Motion to Dismiss Complaint never mentions therein that Attorney Joseph L. Gibson, Jr. files his motion to dismiss on behalf of defendant William S. Tralin, nor is defendant, Tralins name mentioned therein. Plaintiff also alleged in her Default Judgment against defendant, Tralin, that the Civil Docket files in this instant action shows no filing of a Motion To Dismiss by defendant, Tralin, nor does the Courts Civil Clerk Office computers show any images of a Motion To Dismiss Complaint by Defendant Tralin, nor that it was ever filed by attorney Joseph L. Gibson, as is mentioned on the Civil Docket on May 18, 2006, wherefore Plaintiff never received any responsive pleadings from defendant, Tralin, or from any attorney on his behalf, and Plaintiff filed a Motion for Default Judgment, with an Affidavit, Exhibit 1, and Plaintiff's Certificate of Service of that Motion for Judgment by Default shows that it was forwarded to him at the same address where the Civil Clerk mailed to him the Complaint, summons, initial order with acknowledgement form (Exhibit 16.)

Defendant, Tralin, filed his Opposition To Plaintiff's Motion For Judgment By Default on August 15, 2006 alleging therein that as service has never been made on defendant, Tralin in this matter, Plaintiff

has no factual or legal basis for obtaining a default judgment against him. Plaintiff filed a Reply to Opposition of Defendant, Fralin's, To Plaintiff's Motion For Judgment By Default, and alleged therein thus: her attached exhibit 1, a copy the superior court SCR C16, Form 1A Notice & Acknowledgement for Service by mail) state that he was mailed the summons, complaint, initial order, pursuant to Rule 4(c)4 & SCR Civ P., and that he must sign and date the Acknowledgement form and return it to the sender within (20) twenty days after it has been mailed, or if you fail to do so you may be required to pay any expenses incurred in serving a summons, complaint and initial order in any manner permitted by Law; also you must answer the complaint within twenty (20) days after you have signed, dated and returned the form, or if you fail to do so, judgment by default may be taken against you for the relief demanded in complaint. Plaintiff's attached exhibit 2, the civil Docket entries shows there was not a motion to Dismiss by defendant, Fralin and shows the civil clerks tracking number & the complaint, summons, initial order with acknowledgement form mailed to him in May 4, 2006 (Exhibit 18) at the same address where Plaintiff mailed to him her June 29, 2006 "motion For Judgment By Default against defendant, William S. Fralin" as is shown in the certificate of service, and which he responded to (Exhibit 16).

On August 25, 2006 Superior Court Order denied Plaintiff's motion for Judgment By Default Against Defendant, Williams S. Fralin, and further Ordered that defendant, Fralin is dismissed from this lawsuit because, as stated in Defendant Fralin's Opposition To Plaintiff's Motion for Judgment by Default against him, Plaintiff has alleged no conduct by Fralin in her complaint" (Exhibit 15).

Defendant, Fralin's Opposition To Plaintiff's Motion For Judgment by Default alleged only that as service has never been made on Mr. Fralin in this matter, Plaintiff has no factual or legal basis for obtaining a default judgment against Mr. Fralin. Defendant Fralin's opposition to Default Judgment against him makes no defensive pleadings regarding any allegations made in Plaintiff's Complaint (Exhibit 17).

8

d) D.C. Superior Court civil action no. 2005 CA 007204B in Delaine v. NewHope Housing Inc, et al. involving a September 8, 2004 overt act of assault and battery at the Eleanor Kennedy shelter by a resident, and also involving continual repetitions overt acts in furtherance of the civil conspiracy over a span of time when NewHope Housing, Inc, Eleanor Kennedy shelter representatives and residents participated as members in concerted actions.

On September 9, 2005 D.C. Superior Court civil clerk mailed the complaint, summons, initial order with acknowledge ment form to defendant William Fralin at his address of 4525 Klingle Street N.W., Washington, D.C. and the clerks tracking number that issuance is 5 000 006650 as is shown in the Docket Sheet. A copy of the initial order, summons and Superior Court SCRCIV form 1-A Notice and acknowledgement for service by mail were forwarded to defendant Fralin by D.C. Superior Court Clerk (Exhibit 20). Defendant Fralin, failed to comply with court Rules in answering the complaint. On December 8th, 2005 Superior Court Order Dismissed Plaintiffs Complaint and stated that any action against other parties must be pursued separately (Exhibit 21). None of the other party defendants involved answered Plaintiffs complaint, although the clerk mailed the complaint, summons, initial order, with acknowledge mad form as Plaintiff was proceeding in this case in forma pauperis as is shown on the Civil Docket Sheets (Exhibit 20). On July 20, 2006 Plaintiff filed a default Judgment Motion against Defendant Fralin in D.C. Superior Court, (Exhibit 22). Ten days later after Plaintiff had returned to Superior Court and was in the civil clerks office, she was informed that they could not file her Default Judgment against Defendant, Fralin, because the case was closed in Superior Court, Plaintiff was currently Appealing her case in D.C. courts Appeals where she then tried to file her Default Judgment Against defendant, Fralin, in their Court on July 31, 2006 but D.C. Court of Appeals Clerk stated they could not file it. On August 15, 2006 Defendant Fralin's Opposition to Plaintiffs Motion For Judgment By Default was filed which stated therein that this defendant, Fralin, has never

9

been made service on in this matter, Plaintiff has no factual or legal basis for obtaining a default judgment against him (Exhibit 23). Plaintiff wrote a letter dated August 21, 2006 to Jeffrey DeCaro, counsel for defendant, Fralin, and explained that Superior Court Clerk had accepted her July 20, 2006 Default Judgment against defendant, Fralin, in this instant matter and that ten days later informed Plaintiff that it could not be filed in D.C. Superior Court, and because of the Clerks error is why the default judgment motion, against defendant Fralin, was mailed out to him on the same date that the Clerk accepted the filing in Superior Court. Again, it was only when a default judgment against defendant, Fralin was filed by Plaintiff, and was forwarded to his same address (Exhibit 22) where Superior Court mailed him the complaint, initial order, summons, with acknowledgment form (Exhibit 20) is when he files a responsive Pleading acknowledging receipt of the Default Judgment Against him and in his opposition he alleges that he was never served with the complaint, summons, initial order with acknowledge ment form, which requires him to "sign, date, complete the form and return it to the sender within twenty (20) days after it has been mailed or you may be required to pay any expenses incurred in serving a summons, complaint, and initial order in any manner permitted by law; and if you do complete the form and return it you must answer the complaint within twenty days after you have signed, dated and returned the form; or if you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint (Exhibit 20).

   e) D.C. Superior Court, cwil action no. 2006CA006600B in Delaine v. District of Columbia, et al, regarding an August 6, 2005 assault and battery overt act in furtherance of the conspiracy whereby Plaintiff was injured in D.C. Superior Court Civil Clerks Office by employee Mr. Edward Jenkins, Chief Civil Actions Branch Manager, while acting within the scope of his employment, and other continual repetitious offenses whereby Plaintiff was injured over a

10

span of time.

Plaintiff's complaint, initial order, summons and acknowledgement form was mailed to defendant, Fralin, pursuant to SCR 4(c)(1) and 54-II of the SCR Civ. P. by Superior Court Clerk on August 25, 2006 at his address of 4525 Klingle Street N.W. Washington, DC 20016 (Exhibit 25). On October 17, 2006 Plaintiff filed a Motion for Service of Complaint and Summons by U.S Marshalls upon all defendants involved and stated therein that the Clerk, pursuant to SCR Civ 54-II issued the complaint, summons, initial order with acknowledgement form upon these same defendants in other related cases whereby they alleged that service of process was not properly effected, and Plaintiff has not yet received a responsive pleading from any of the defendants, and that Plaintiff is proceeding in forma pauperis. Plaintiff's Motion for service by U.S Marshalls was denied on October 18, 2006 for reasons stated that Plaintiff failed to provide sufficient reasons for the court to order service by U.S Marshalls; and that Plaintiff did not state what if any other efforts have been made (Exhibit 26). On October 23, 2006 Plaintiff filed a Motion To Vacate the October 18, 2006 Order denying his Motion for Service by U.S marshalls (Exhibit 27) December 11, 2006 her Motion to Vacate was denied (Exhibit 28) and defendant Fralin still had not filed a responsive pleading to Plaintiff's complaint that was mailed to him by Superior Court Clerk on August 25, 2006.

On March 22, 2007 Plaintiff filed a Motion for Entry of Judgment By Default Against Defendant, William S Fralin with attached Exhibit 7, Affidavit of Plaintiff Ellen Delome stating that on August 25, 2006 the court Clerk issued the complaint, summons, initial order and acknowledgement form upon defendant, Fralin, by mail and as of the date of her Affidavit that, he has failed to comply with court rules and failed to plead or otherwise defend, whereby entitling Plaintiff to an entry of judgment by default against him for the relief demanded in Complaint. Plaintiff's Default Judgment Motion against defendant, Fralin, shows in the Certificate of service that a copy was mailed to him at the same address where Superior Court Clerk mailed him the Complaint, summons, initial order with acknowledgement form (Exhibit 29 and Exhibit 25).

11

On February 22, 2007 Plaintiff originally filed a Praecipe in the Superior Court Judgment Office for an entry of a default judgment against defendant William S. Fralin, for compensatory and punitive damages; and on March 2, 2007 Superior Court Judgment denied Plaintiff's request for a default Judgment for reasons stated that Plaintiff needed to file a motion for relief sought (Exhibit 30).

On April 19, 2007 Superior Court ordered that defendant William S. Fralin shall appear on May 18, 2007 to show cause why Plaintiff's Motion for Entry of Judgment by Default should not be granted (Exhibit 31); On May 11, 2007 the "Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion for Judgment By Default, And Response To Show Cause Order" was filed; and his "Supplemental Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion For Judgment By Default And Response To Show Cause Order" was filed on May 15, 2007 in Superior Court. In defendant, Fralin's, Opposition to Plaintiff's Motion For Judgment By Default, And Response To Show Cause (Exhibit 32), he made the same defenses that he had made in his Oppositions to Motion for Judgment by Default in the case of Delaine v. Wings N Things, et al, civil action no. 06 CA 3352B (Exhibit 12); in: Delaine v. Greyhound Bus Lines, Inc., et al civil action no. 06 CA 3392B (Exhibit 17); and in: Delaine v. New Hope Housing, Inc., civil action no. 05 CA 9204 B (Exhibit 23); and alleged therein that in Plaintiff's Motion for Judgment by Default, Plaintiff alleges without providing any support whatever, that service of the Summons and Complaint was made upon defendant Fralin, on some unspecified date after suit was filed, and that as service has never been made on defendant Fralin in this matter, Plaintiff has no factual or legal basis for obtaining a default judgment against defendant Fralin (Exhibit 32). In the "Supplemental Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion For Judgment By Default, And Response To Show Cause Order (Exhibit 33) he alleges.

1. Plaintiff filed 4 other ~~similar~~ claims, if not identical, to the claim in the present action, which include: Ellen Delaine v. Wings N Things et al;

e1. *cont.*

Delaine v. Greyhound Bus Lines, Inc. et al, Civil Action no. 2006 CA00 3357B, Delaine V. New Hope Housing, Inc. et al CA no 2005 CA 00 72043, and Delaine V. Grant Hotel Inc, et al CA# 2005 CA 0016.39B, and alleged that in each of these cases Plaintiff made the same allegations with respect to service on Defendant, Fralin, and contrary to Plaintiff's unsupported assertions, Mr. Fralin was not served with a Summons or Complaint in any of these mentioned cases, and accordingly he filed Oppositions to the Plaintiff's Motion for Default in each such case, and in all four cases the Court granted his motion as Plaintiff was unable to produce any evidence that she had, in fact, properly served Mr. Fralin with the Summons and Complaint in those cases; and that the same is true in this instant case, as defendant Fralin has never been served, in person, or by registered mail (Exhibit 33 at 1 thru 6).

2. As further proof he attached Exhibit A - Copy of his drivers license and passport, and attached Exhibit B - a sworn affidavit from defendant Fralin affirming the lack of service in this case (Exhibit 33, see attached Exhibits A and B).

3. As should be obvious in comparing his signatures on his passport and drivers license, that his signature is not on any return receipt that may have been filed in this matter by Ms. Delaine or anyone acting on her behalf, as he has never received any certified or registered envelope containing the original Summons and Complaint (Exhibit 33)

4. As service has never been made on Mr. Fralin in this matter, Plaintiff has no factual or legal basis to r obtaining at default judgment against Mr. Fralin, wherefore, the premises is considered defendant, Fralin, requests the Court to deny Plaintiff's motion for Judgment by Default (Exhibit 33).

On May 18, 2007 Plaintiff appeared in D.C. Superior Court for the 9:30 AM show cause hearing before Judge Lynn Leibovitz whereby defendant, Fralin, did not appear but was represented by his counsel, Jeffrey R. DeCaro. Judge Leibovitz stated only that from her review of the case files that she is dismissing defendant, Fralin, because she

13

records show that he had not been served, therefore Plaintiff's Complaint and the case is dismissed. Plaintiff was never allowed the opportunity to speak to present to the Court her Reply to defendant Fralin's Motion to Oppose Plaintiff's Motion for Judgment by Default, And Response to Show Cause, and Plaintiff's Reply to his Supplemental Opposition which was not forwarded to Plaintiff until May 15, 2007, three days before the hearing was to be held, but Plaintiff did prepare a "Reply to his Oppositions" which were not allowed to be presented because of the dismissal of the case. On the evening of May 18, 2007 after Plaintiff had returned home, Plaintiff received in the mail Superior Court Order dated May 16, 2007 that granted defendant William Fralin's Motion to Excuse Appearance or Postpone Hearing for Show Cause scheduled for May 18, 2007. Plaintiff never received defendant Fralin's Motion to Excuse Appearance or Postpone Hearing for May 18, 2007 (Exhibit

Contrary to defendant Fralin's allegations in his "Supplemental Opposition To Plaintiff's Motion For Judgment By Default, And Response To Show Cause" (Exhibit 33), Plaintiff states as follows:

1. Plaintiff has filed various related cases, involving the same defendants and same subject matters; similar to the claim in the present action, which includes in addition to the four other lawsuits mentioned, U.S. District Court for D.C., Civil action no. 05-1751 in: Delaine v. U.S. Postal service, et al, whereby the Complaint and summons was mailed to defendant Fralin by certified mail with return receipt which he acknowledged receipt on November 25, 2006 at his address of 4535 Klingle Street N.W., Washington, D.C., whereby U.S. District Court Civil Docket reflects service upon him but he had not appeared in the case and he was dismissed from the case (Exhibits 9 and 10). Also D.C. Superior Court Civil action no. 04-377 in Delaine V. District of Columbia, et al, whereby the Complaint, Summons, and initial order was sent by certified mail with return receipt which he signed on April 10, 2004 at the same address, and the Affidavit of Certified Mail Service was filed in D.C. Superior Court on April 16, 2004 showing the same signature as

14

in Exhibit 9 (Exhibit 2) whereby he filed a "Motion To Dismiss for Failure to State a claim" in D.C. Superior Court and his attorney, Thomas A. Mooers mailed Plaintiff her copy (Exhibit 4) and D.C. Superior Court dismissed his "Motion To Dismiss For Failure To State A Claim" because the case was removed on May 27, 2004 to U.S. District Court (Exhibits 5 and 6) which by he received D.C. Superior Courts June 8, 2004 Notice of Removal on May 27, 2004 & civil action no. 04-377 in Delaine v. District of Columbia, et al, that states no further pleading will be accepted for filing in D.C. Superior Court at this time" (Exhibit 3).

2. The lawsuits that defendant Fralin mentions that are similar, if not identical to the claim filed in this instant action are: ① Delaine v. Wings N' Things, et al, civil action no. 2006 CA 003350 B; ② Delaine v. Greyhound Bus Lines, Inc, et al, civil action no. 2006 CA 003497 B; ③ Delaine v. New Hope Housing, Inc, et al, civil action no. 2005 CA 007204 B; and ④ Delaine v. Grant Food Inc, et al civil action no. 2005 CA 001639 B; and defendant Fralin further alleges that Plaintiff made the same allegation with respect to service on him, in each of these cases, and that contrary to Plaintiff's unsupported assertion, Mr. Fralin was not served with a Summons or Complaint in any of those cases and accordingly filed Oppositions to the Plaintiff's motion for Default Judgment in each such case.

① On January 15, 2006 Plaintiff filed in D.C. Superior Court an Affidavit by Certified Mail stating that the initial Order, Complaint, and summons in civil action no. 05-001639 was served upon defendant William S. Fralin on January 12, 2006 and that the attached return receipt is attached thereto, which is shown in Exhibit 1 & Plaintiff's August 7, 2006 "Plaintiff's Motion To Vacate July 27, 2006 Superior Court Order, Denying Plaintiff's Motion For Judgment By Default Against Defendant William S. Fralin" (Exhibit 34).

3. In all four cases, Defendants' Opposition To Plaintiffs' Motion For Judgment by Default was not granted by the Court because Plaintiff was unable to produce any evidence that she had, in fact, properly served Mr. Fralin with the Summons and Complaint in those cases, and is

15-

shown in the following cases:

9. Delaine v. Giant Food Stores, Inc, Civil action no 05-001639.
On August 15, 2006 Defendant, William S. Fralin, filed, in D.C. Superior Court
"Opposition of Defendant, Williams S. Fralin, To Plaintiff's Motion To Vacate
Order Denying Motion For Judgment By Default", with attached Exhibit A—
a copy of Plaintiff's August 7, 2006 "Plaintiff's Motion To Vacate July 27, 2006
Superior Court Order Denying Plaintiff's Motion For Judgment By Default
Against Defendant Williams S. Fralin", with attached Exhibit B— Affidav-
it of William S. Fralin dated 08/16/06, and a copy of his Washington, D.C. Drivers
Licence, and he forwarded a copy to Judge Neal Kravitz (Exhibit 35.)
Stated therein his "Opposition To Vacate Order Denying Plaintiff's Motion For
Judgment By Default" at 1#1 is stated that his attached Exhibit A
is Plaintiff's Motion To Vacate, with supporting Affidavits. His Exhibit A
consists only of Plaintiff's Motion To Vacate without any supporting affidavits
(Exhibit 35). Plaintiff's Motion To Vacate filed in D.C. Superior Court
on August 7, 2006 included an exhibit 1— copy of the Affidavit by certified
mail of the Complaint, summons and initial order with copy of the certified return
receipt showing the address of defendant, Fralin, and his signature and date
received on January 12, 2006 (Exhibit 34.).
    Defendant, Fralin also alleged in his "Opposition To Motion To Vacate"
at 1 #2, that he never signed a receipt acknowledging receipt of any pleadings
in this case by certified mail; he is a member in good standing of the D.C.
Bar, and an officer of the court and that he has prepared and signed a duly
executed and notarized Affidavit, along with a copy of his drivers licence, appended
thereto as Exhibit B (Exhibit 35.). He further stated that pursuant to SCR
4, service upon an individual defendant must be made in person or by certified
mail, return receipt requested, and as set forth in his Affidavit, exhibit B,
that proper service had not been made on him in this matter (Exhibit 35)
Defendant, Fralin's, Exhibit B, Affidavit, swears that he never received service
by certified mail or in person service as claimed by Plaintiff; He knows that
the signature is a forgery and bears no resemblance to his signature and that
he has attached a copy of his D.C. drivers license and has signed the affidavit
(Exhibit 35) Defendant Fralin's August 15, 2006 "Opposition To Plaintiff's

16

Motion To Vacate Order Denying Motion for Judgment By Default" was intentionally forwarded to Judge Neal Kravitz (Exhibit 35) who had denied Plaintiff's motion for Judgment By Default against Defendant Fralin on July 27, 2006 and Pleaded and defended on behalf of defendant, Fralin, who still had not appeared in the case, and Judge Kravitz, stated that Plaintiff had once again failed to submit the certified mail receipt on which she relies for proof of service (Exhibit 36) Whereby defendant, Fralin intentionally tampered with Plaintiff's Motion To Vacate by removing the Exhibit I from it when he filed it with his Opposition To Motion To Vacate Order Denying Motion For Judgment by Default, Exhibit A, in order to falsely project Plaintiff and to defraud the Court (Exhibit 35 and Exhibit 34)

On August 21, 2006 Plaintiff filed in D.C. Superior Court Plaintiff's Reply To Opposition Of Defendant, William S. Fralin, to Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default" and alleged therein that (Exhibit 37):

1. The signature on the certified mail return receipt is that of Defendant, Fralin, and that he received the Complaint, summons, and initial order by certified mail with return receipt.

2. The Affidavit of William S. Fralin is an intentional misrepresentation of a material fact made with the knowledge of the falsity of his statements and was done in malice and made in bad faith solely for the purpose of delay and to defraud the court.

3. His Exhibit B- copy of his drivers license showing his date of birth is an intentional fraudulent statement and misrepresentation of a material fact because Plaintiff knows that defendant Fralin is a much older person than the age of the date of birth shown on his drivers license, and was made with the knowledge of the falsity of his statements and made in bad faith.

4. The signature of Defendant Fralin on the certified mail return receipt signed on April 10, 2004 in D.C. Superior Court civil action no. 04-377 in Delaine v. District of Columbia et al, is identical to his signature on the certified mail return receipt signed on November 25, 2005 in the US District Court for D.C., civil action no. 05-1757 in Delaine v.

17

U.S. Postal Service, and is identical to his signature on the certified mail return receipt in D.C. Superior Court, civil action no. 05-001639, in Delaine v. Giant Food Stores, Inc., et al (Exhibit 3 4).

Plaintiff's case was removed to U.S. District Court for D.C. on August 25, 2006, and D.C. Superior Court did not grant defendant Fralin's Opposition to Plaintiff's Motion for Judgment by Default because Plaintiff was unable to produce any evidence that she had, in fact, properly served him with the Summons and Complaint in the case of Delaine vs. Giant Food Stores, D.C. Superior Court, civil action no. 05-001639.B.

b. D.C. Superior Court Orders did not grant Defendant's Opposition To Plaintiff's Motion for Judgment by Default because Plaintiff was unable to produce evidence that she had in fact properly served Mr. Fralin with the Summons and Complaint in the cases of: ① Delaine v. Wings N' Things, et al, civil action no. 2006 CA 003352B (see Exhibits 11, 12, 13, and 15); ② Delaine v. Greyhound Bus Lines, Inc., et al, civil action no. 2006 CA 003397B (see Exhibits 16, 17 18, and 19); and ③ Delaine v. New Hope Housing, Inc, et al, civil action No. 2005 CA 00 7204B (Exhibits 20, 21, 22, 23, and 24); and Delaine v. District of Columbia, et al, civil action no. 04-000377, U.S. District Court for D.C. in Delaine v. U.S. Assistant Attorney for D.C., et al, civil action no. 04-872 (Exhibits 1 thru 7).

4. The Affidavit of William S. Fralin attached as Exhibit B of his "Supplemental Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion For Judgment By Default, And Response To Show Cause Order" (Exhibit 33) states therein that, "I have never received service of any Summons or Complaint in any of the cases that have been filed in the District of Columbia by Ms. Delaine."

Defendant Fralin received service by certified mail with return receipt of the Complaint and Summons on April 10, 2004 in the case of: Delaine v. District of Columbia, et al, D.C. Superior Court civil action no 04-377 (Exhibit 2); also in the case of D.C. Superior Court civil action no. 05-CA 001639 in: Delaine v. Giant Food Stores,

18

Inc, et al, defendant received service Complaint and summons on January 12, 2006 (Exhibit 34); also in the case of U.S. District Court for D.C. civil action no. 05-1751 in Delaine v. U.S. Postal Service, et al, defendant Fralin received service, complaint and summons on November 25, 2005 (Exhibit 9 and 10). Defendant Fralin's signature on all 5 these mentioned certified mail return receipts are identical (Exhibit 2, 34 and 9).

## Nature Of the Proceedings Below

1. Defendant Fralin's June 8, 2007 U.S. District Court for D.C. "Motion OF Defendant, William S. Fralin, To Dismiss Plaintiff's Complaint" (Exhibit 38 with attached Exhibit B- "Opposition OF Defendant, William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default, with attached Exhibit A- "Plaintiff's Motion To Vacate July 27, 2006 Superior Court Order Denying Plaintiff's Motion For Judgment By Default Against Defendant William S. Fralin," with attached Exhibit 1- Affidavit of Service by Certified mail, filed in D.C. Superior Court on February 15, 2006 stating that the initial order, complaint, and summons was mailed to defendant, Fralin and the return receipt attached hereto was signed by defendant, Fralin on January 12, 2006, with copy of the return receipt showing signature of defendant, Fralin, address of defendant Fralin, and date signed January 12, 2006.

2. Defendant, Fralin's August 15, 2006 Superior Court filing of "Opposition OF Defendant, William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default" with attached Exhibit A- "Plaintiff's Motion To Vacate July 27, 2006 Superior Court Order Denying Plaintiff's Motion For Judgment By Default Against Defendant William S. Fralin," without Plaintiff's attached Exhibit 1, (see Exhibit 35 and compare with Exhibits 34 and 38)

3. Defendant Fralin's June 8, 2007 U.S. District Court for D.C. "Motion OF Defendant, William S. Fralin To Dismiss Plaintiff's Complaint (Exhibit 38

19

does not have the Cover Page dated August 15, 2006 Addressed to Honorable Neal E. Kravitz, that was included with the August 15, 2006 D.C. Superior Court "Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default" (See Exhibit 35 and compare with Exhibit 38).

4. Defendant's U.S. District Court June 8, 2007 "Motion Of Defendant, William S. Fralin, To Dismiss Plaintiff's Complaint" attached Exhibit B- "Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default," with attached attached Exhibit A- Plaintiff's Motion To Vacate July 27, 2006 Superior Court Order Denying Plaintiff's Motion For Judgment By Default Against Defendant William S. Fralin", does not contain the D.C. Superior Court Order that is not signed or dated by Judge Neal Kravitz that asks the Court to deny Plaintiff's Motion (See Exhibit 38 and compare to Exhibit 35).

5. Defendant's June 28, 2007 U.S. District Court "Motion Of Defendant William S. Fralin, To Dismiss Plaintiff's Complaint" attached Exhibit B - "Opposition Of Defendant William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion for Judgment By Default" with attached Exhibits A and B, the attached Exhibit B- Affidavit of William S. Fralin, and a copy of his Drivers License, and the Superior Court Order that is not signed or dated by Judge Neal Kravitz that asks the Court to deny Plaintiff's Motion, and is the page after the copy of defendant's D.C. drivers License (see Exhibit 38 and compare to Exhibit 35). In the August 15, 2006 Superior Court filing of "Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default", (Exhibit 35) with attached Exhibit A- "Plaintiff's Motion To Vacate July 27, 2006 Superior Court Order Denying Plaintiff's Motion For Judgment By Default Against Defendant William S. Fralin" the unsigned and undated Superior Court Order asking for Plaintiff's Motion to be denied,

20

is located on the page behind Plaintiff's Certificate of Service page number three (see Exhibit 35 and compare to Exhibit 38).

6. Defendant Fralin's June 8, 2007 "U.S. District Court for D.C. Motion Of Defendant, William S. Fralin, To Dismiss Plaintiff's Complaint" states therein on p. 2, #8, that Mr. Fralin respectfully submits that he has never been served with process in this case, either while it was pending in D.C. Superior Court, or since the case was removed to this Court in October 2006 (Exhibit 38)

Defendant's attached Exhibit D (Exhibit 38) Notice of Filing Notice of Removal Of A Civil Action shows the Civil Clerks of Superior Court Office received it on August 25, 2006, the date that is stated within the Notice that United States Of America filed with the Clerk of the United States District Court for P.C, a notice of Removal, and accordingly, P.C. Superior Court shall proceed no further unless and until the case is remanded. The certificate of service certifies that all involved parties in the case received the notice of Removal of August 25, 2006, and this Notice was attached to the October 4, 2006 Order of Judge Neal Kravitz who cancelled the October 12, 2006 evidentiary hearing with defendant, Fralin, wherefore, this Case was removed to this Court on August 25, 2006.

Plaintiff's August 7, 2006 "Motion To Vacate July 27, 2006 Superior Court Order Denying Plaintiffs Motion For Judgment by Default Against Defendant William S. Fralin, attached Exhibit A, shows the certified mail return receipt addressed to defendant Fralin and signed by him on January 12, 2006 and was filed with Plaintiff's February 15, 2006 Affidavit of Service by Certified Mail in P.C. Superior Court which states that the initial order, complaint, and summons was mailed by certified mail, by Plaintiff to defendant, Fralin, and that the attached thereto return receipt was signed by defendant, William S. Fralin on January 12, 2006 (Exhibit 34). Defendant Fralin's signature in Exhibit 34 is identical to his signature on the certified mail return receipt

21

addressed to the same address and shows his signature and date, delivery April 10, not that is attached to the Superior Court April 16, as an affidavit, service by certified mail with return receipt in the case of Delaine v. District of Columbia, et al, civil action no 04-000377, stating, that Plaintiff mailed by certified mail with return receipt a copy of the initial order, complaint, and summons to defendant William S Fralin who signed the return receipt on April 10, 2004 (Exhibit 2).

7. Defendant Fralin's Affidavit attached to his June 8, 2007 Motion of Defendant, William S. Fralin, To Dismiss Plaintiff's Complaint is the same one that was submitted on August 11, 2006 with his D.C. Superior Court Opposition Of Defendant William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default" whereby he stated that he never received service either by certified mail or in person service as claimed by Plaintiff, knows that the signature is a forgery and bears no resemblance to his signature, that he did not sign or authorize anyone else to sign his signature to the signature on the certified mail receipt attached to "Plaintiff's Motion To Vacate July 27, 2006 Superior Court order Denying Plaintiff's Motion For Judgment By Default Against Defendant, William S. Fralin; and that a copy of his D.C. Drivers license is attached, and that he signed the affidavit (Exhibit 38)

Defendant, Fralin, did not attach an "Affidavit" to his June 8, 2007 U.S. District Court for D.C. "Motion Of Defendant, William S. Fralin, To Dismiss Plaintiff's Complaint" to show this Court that he swears that the information contained therein regarding his stating that he has never been served with process on this case either while it was pending in D.C. Superior Court. (Exhibit 38)

In the case of D.C. Superior Court Civil Action No. 2006 CA006600B in Delaine v. District of Columbia, et al, Defendant, Fralin's Affidavit swears that he never received service of any

22

summons and complaint in any of the cases that have been filed in the District of Columbia by M. Delaine; his signature on his Affidavit does not match his signatures on his passport, or his drivers license in Exhibit 33, nor do his signatures in Exhibits 33 match his signature in Exhibit 38 (See Exhibits 33 and 38.)

An evidentary hearing and show cause order was scheduled in D.C. Superior Court for civil action no. 05-1639, in: Delaine v. Giant Food Stores, Inc.; and for D.C. Superior Court, civil action no: 2006 CA006600 B, whereby the case is wrongfully dismissed and the Court should have ordered for the service of U.S. Marshalls to serve the complaint and summons upon defendant, Fralin, whereby Plaintiffs motions for service by U.S. Marshalls were both denied (Exhibits 26, 27 and 28).

Plaintiff's July 17, 2006 "Motion For Judgment By Default Against Defendant, Fralin" with attached Exhibit 2. Affidavit of Plaintiff, Ellen L. Delaine, states that defendant, Fralin was served with the complaint and summons by certified mail with return receipt showing his signature and date of January 13, 2006 and that he was again served by D.C. Superior Court Clerk by mail on March 20, 2006 (Exhibit 39), and Plaintiff's D.C. Superior Court August 21, 2006 Reply To Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default shows that defendant, Fralin, signed the certified mail return receipt for the initial order, complaint, and summons addressed to his same address of 45 25 Klingle Street, N.W., Washington D.C. and his signature shows that he signed for it on April 10, 2004 for D.C. Superior Court civil action no 04-3771 in Delaine v. District of Columbia, et al, whereby his attorney, Thomas R. Maers filed a Motion To Dismiss For Failure To State a claim, on behalf of Defendant, Fralin, and forwarded Plaintiff a copy on June 23, 2004 and filed it in

23

D.C. Superior Court - Also, his motion To Dismiss For Failure To State a claim was denied as moot, because the case was removed on May 27, 2004 to U.S. District Court, whereby Superior Court mailed a Notice of Removal to defendant, Fralin on June 8, 2004 (Exhibit 37). The signature on the certified mail return receipt (Exhibit 2 and 3 (Exhibit 2), is identical to his signature on the certified mail return receipt in this instant action (Exhibit 3A and 3B) and is also identical to his signature on the certified mail return receipt in U.S. District Court civil action no. 05-1757 in Delaine v. U.S. Postal Service, et al (Exhibit 9).

Wherefore, the premesis considered, Plaintiff Ellen L. Delaine respectfully requests that this Honorable Court deny the "Motion of Defendant, William S. Fralin, To Dismiss Plaintiff's Complaint" and to enter a Default Judgment against defendant, Fralin, including reasonable fees and expenses, and any offending party or attorney may be adjudged guilty of contempt for Affidavits presented in bad faith.

Respectfully submitted,

Ellen L. Delaine

Ellen L. Delaine
5608-14th Street NW
Washington, D.C. 2001
202-829-1745

24

Certificate Of Service

I Hereby Certify that a copy of the foregoing "Plaintiffs Opposition To Motion of Defendant, William S. Fralin, To Dismiss Plaintiffs Complaint and/or Plaintiffs Motion For Judgment By Default, with Attachments, was mailed first class, postage Prepaid, this 28th day of June, 2007 to:

DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP
Jeffrey R. DeCaro
4601 Forbes Boulevard
Suite 200
Lanham, M.D. 20706

Ellen L. Delaine
Ellen L. Delaine