EXHIBIT 40

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| **ELLEN DELAINE** <br> Plaintiff | Civil Action No. 2006 CA 006600B |
| v. | |
| **DISTRICT OF COLUMBIA, et al.** <br> Defendants | Judge Lynn Leibovitz |

## ORDER

Upon consideration of Defendant William Fralin's Motion to Excuse Appearance or Postpone Hearing, and good cause having been shown, it is by the Superior Court of the District of Columbia this _16th day of May, 2007,

**ORDERED** that Mr. Fralin not be required to appear in person at the show cause hearing currently scheduled for May 18, 2007, at 9:30a.m., provided he is represented by counsel at the hearing.

Lynn Leibovitz
Associate Judge
(signed in chambers)

cc:

Jeffrey R. DeCaro, Esquire
DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP
4601 Forbes Boulevard, Suite 200
Lanham, MD 20706

Ellen DeLaine
5608 14th Street, NW
Washington, DC 20011

Superior Court of the District of Columbia
Chambers of Judge Lynn Leibovitz
Washington, D.C. 20001

20011EEB04 0011

Ellen DeLaine
5608 14th Street, NW
Washington, DC 20011



02 1A
0004383804
MAY 17 2007
MAILED FROM ZIPCODE 20001
$00.41

Motion to Dismiss for failure to State A Claim signed by Thomas R. Mooers of Mooers & Associates, that does not allege therein insufficiency of service or insufficiency of service of process, and the certificate of service states that on June 23, 2004 copies were mailed to all defendants named in the complaint (Exhibit 4). U.S. District Court for District of Columbia Civil Docket Text notes the notice of removal from D.C. Superior Court, civil action no. 04-377, on May 25, 2004 and entered it in U.S. District Court for District of Columbia, civil action no. 04-872 in: Delaine v. U.S. Assistant Attorney for the District of Columbia, et al. on May 28, 2004, involving the same defendants in this instant action (Exhibit 5). Superior Court Order of July 20, 2004 denied Defendant, William Fralin's Motion To Dismiss for failure to State A Claim" as moot because the case was removed to U.S. District Court on May 27, 2004, and further ordered that the case is now closed.

2. On September 23, 2004 U.S. District Court for District of Columbia Order dismissed Plaintiff's case in: Delaine v. U.S. Assistant Attorney for District of Columbia, et al., civil action no. 04-872 and Ordered defendant William Fralin's motion to Dismiss granted. The accompanying memorandum Opinion at 3 stated therein that on July 9, 2004, defendant, William S. Fralin filed a Motion To Dismiss. Defendant, William S. Fralin never filed a motion to Dismiss in U.S. District Court for District of Columbia in: Delaine v. U.S. Assistant Attorney for District of Columbia, civil action no. 04-872 (Exhibit 8). Defendant, Fralin, intentionally failed to comply with court orders by filing his Motion To Dismiss in D.C. Superior Court on June 23, 2004 after he received D.C. Superior Court June 8, 2004 Order stating that the case was removed to U.S. District Court for District of Columbia on May 27, 2004 and that any unresolved motion in this case prior to its removal is moot as of the date of this notice and that no further pleading will be accepted for filing in Superior Court (Exhibit 3). D.C. Superior Court July 20, 2004 Order denied defendant, William Fralin's, June 23, 2004 Motion To Dismiss for failure to State a claim because the case was removed

3

1-A Notice And Acknowledgement for service by mail (Exhibit B). On August 25, 2006 Plaintiff filed in D.C. Superior Court a Praecipe with an attached Superior Court SCR Civ. Form 1-A Notice and acknowledgement Form by service by mail upon Defendant Fralin, and Plaintiff asked the Court to attach it to her August 21, 2006 "Reply To Opposition of Defendant, William S. Fralin, To Plaintiff's Motion For Judgment by Default" as the correct attached Exhibit 2, because she had attached the wrong defendant's Notice and acknowledgement Form to her original pleading (Exhibit 14). Also, the SCR Civ. Form 1-A Notice and Acknowledgement for service by mail from Superior Court Civil Clerk states that if you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you may be required to pay any expenses incurred in serving a summons, complaint, and initial order in any manner permitted by law; and if you do complete and return the form, you must answer the complaint within twenty days after you have signed, dated, and returned the form, or if you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint (Exhibit 14.)

On August 25, 2006 Superior Court Order denied Plaintiff's motion for Judgment by Default against Defendant, Fralin and further ordered that Defendant Fralin, is dismissed from the lawsuit because as stated in Defendant Fralin's Opposition to Plaintiff's Motion for Judgment by Default against him, Plaintiff alleged no conduct by Fralin in her Complaint (Exhibit 15). Defendant Fralin's Opposition To Plaintiff's Default Judgment Against him alleged only that as service was never made on defendant Fralin in this matter, Plaintiff has no factual or legal basis for obtaining a default judgment against him. There was no mention in his opposition to any defense of the allegations in Plaintiff's complaint (Exhibit 12).

C) D.C. Superior Court, civil action no. 2006 CA 3397B in Delaine v. Greyhound Buslines, Inc., et al. involving a May 5, 2005 assault overt act in furtherance of the conspiracy by a Greyhound employee while acting within the scope of his employment and continual repetitions overt acts in furtherance of the conspiracy over a span of time, whereby Plaintiff

6

d) D.C. Superior Court civil action no. 2005 CA 007204 B in Delaine v. NewHope Housing Inc., et al. involving on September 8, 2004 overt act of assault and battery at the Eleanor Kennedy Shelter by a resident, and also involving continual repetitious overt acts in furtherance of the civil conspiracy over a span of time when NewHope Housing, Inc., Eleanor Kennedy Shelter representatives and residents participated as members in concerted actions.

On September 9, 2005 D.C. Superior Court Civil Clerk mailed the complaint, summons, initial order with acknowledgement ment form to defendant, William S Fralin at his address of 4525 Klingle Street NW, Washington, D.C. and the Clerk's tracking number that issuance is 500006650 as is shown in the Docket sheet. A copy of the initial order, summons and Superior Court SCR CIV Form I-A Notice and acknowledgement for service by mail were forwarded to defendant Fralin by D.C. Superior Court Clerk (Exhibit 20). Defendant Fralin failed to comply with court Rules in answering the Complaint. On November 17th, 2005 Superior Court Order Dismissed Plaintiff's Complaint and stated that any action against other parties must be pursued separately (Exhibit 21). None of the other party defendants involved answered Plaintiff's Complaint although the Clerk mailed the complaint, summons, initial order, with acknowledge ment form as Plaintiff was proceeding in this case in forma pauperis as is shown on the Civil Docket Sheets (Exhibit 20) On July 20, 2006 Plaintiff filed a default Judgment Motion against Defendant Fralin in D.C. Superior Court (Exhibit 22). Ten days later after Plaintiff had returned to Superior Court and was in the civil clerks office, she was informed that they could not file her Default Judgment against Defendant Fralin because the case was closed in Superior Court. Plaintiff was currently Appealing her case in D.C. Court of Appeals where she then tried to file her Default Judgment against defendant Fralin in their court on July 31, 2006 but D.C. Court of Appeals Clerk stated they could not file it. On August 15, 2006 Defendant Fralin's Opposition to Plaintiff's Motion for Judgment By Default was filed which stated therein that this defendant, Fralin, has never

9

Plaintiff's complaint, initial order, summons, and acknowledgement form was mailed to defendant, Fralin, pursuant to SCR 4(c)(1) and 5(T) of the SCR Civ. P. by Superior Court Clerk on August 25, 2006 at his address 4525 Klingle Street N.W., Washington, DC 20016 (Exhibit 25). On October 17, 2006 Plaintiff filed a Motion for Service of Complaint and Summons by U.S. Marshalls upon all defendants involved and stated therein that the Clerk, pursuant to SCR Civ 54-II, issued the complaint, summons, initial order with acknowledgement form upon these same defendants in other related cases whereby they alleged that services process was not properly effected, and Plaintiff has not yet received a responsive pleading from any of the defendants, and that Plaintiff is proceeding in forma pauperis. Plaintiff's Motion for service by U.S. Marshalls was denied on October 18, 2006 for reasons stated that Plaintiff failed to provide sufficient reasons for the court to order service by U.S. Marshalls; and that Plaintiff did not state what, if any, other efforts have been made (Exhibit 26). On October 23, 2006 Plaintiff filed a Motion To Vacate the October 18, 2006 Order denying her Motion for Service by U.S. Marshalls (Exhibit 27). On December 11, 2006 her Motion To Vacate was denied (Exhibit 28) and defendant Fralin still had not filed a responsive pleading to Plaintiff's complaint that was mailed to him by Superior Court Clerk on August 25, 2006.

On March 22, 2007 Plaintiff filed a Motion for Entry of Judgment by Default Against Defendant, William S. Fralin with attached Exhibit 1, Affidavit of Plaintiff Ellen L. Delaine stating that on August 25, 2006 the Court Clerk issued the complaint, summons, initial order and acknowledgement form upon defendant, Fralin, by mail and as of the date of her Affidavit he has failed to comply with court rules and failed to plead or otherwise defend, whereby entitling Plaintiff to an entry of judgment by default against him for the relief demanded in complaint. Plaintiff's Default Judgment Motion against defendant, Fralin, shows in the Certificate of Service that a copy was mailed to him at the same address where Superior Court Clerk mailed him the complaint, summons, initial order with acknowledgement form (Exhibit 29 and see Exhibit 25).

11

On February 29, 2007 Plaintiff originally filed a Praecipe in the Superior Court Judgment Office for an entry of a default judgment against defendant, William S. Fralin, for compensatory and punitive damages; and on March 2, 2007 Superior Court Judgment denied Plaintiff's Request for a default judgment for reasons stated that Plaintiff needed to file a motion for relief sought (Exhibit 30).

On April 9, 2007 Superior Court ordered that defendant William S. Fralin shall appear on May 18, 2007 to show cause why Plaintiff's Motion for Entry of Judgment by Default should not be granted (Exhibit 31).

On May 11, 2007 the "Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion for Judgment By Default, And Response To Show Cause Order" was filed; and his "Supplemental Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion For Judgment By Default And Response To Show Cause Order" was filed on May 15, 2007 in Superior Court. In defendant, Fralin's, Opposition To Plaintiff's Motion For Judgment By Default, And Response To Show Cause (Exhibit 32), he made the same defenses that he had made in his Oppositions to Motion for Judgment by Default in the case of Delaine v. Wings N Things, et al, civil action no. 06CA3352B (Exhibit 12); in: Delaine v. Greyhound Bus Lines, Inc., et al, civil action no. 06CA3392B (Exhibit 17); and in: Delaine v. New Hope Housing, Inc., civil action no. 05CA9204B (Exhibit 23); and alleged therein that in Plaintiff's Motion for Judgment by Default, Plaintiff alleges, without providing any support whatever, that service of the Summons and Complaint was made upon defendant Fralin on some unspecified date after suit was filed, and that as service has never been made on defendant Fralin in this matter Plaintiff has no factual or legal basis for obtaining a default judgment against defendant Fralin (Exhibit 32). In the "Supplemental Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion For Judgment By Default, And Response to Show Cause Order (Exhibit 33) he alleges

---

10. Plaintiff filed 4 other similar claims, if not identical, to the claim in the present action, which include: Ellen Delaine v. Wings N Things, et al,

12.

(cont.)

*Delaine v. Greyhound Bus Lines, Inc. et al*, Civil Action No. 2006 CA003357B; *Delaine v. New Hope Housing, Inc. et al* CA no 2005 CA007204B; *Delaine v. Giant Food Inc, et al*, CA# 2005 CA001635B, and alleged that in each, these cases Plaintiff made the same allegations with respect to service on Defendant, Fralin, and contrary to Plaintiff's unsupported assertions, Mr. Fralin was not served with a Summons or Complaint in any of these mentioned cases, and accordingly he filed Oppositions to the Plaintiff's Motion for Default in each such case, and in all four cases the Court granted his motion as Plaintiff was unable to produce any evidence that she had, in fact, properly served Mr. Fralin with the Summons and Complaint in those cases, and that the same is true in this instant case, as defendant Fralin has never been served, in person, or by registered mail (Exhibit 33 at #1 thru #6).

2. As further proof he attached Exhibit A - Copy of his drivers license and passport, and attached Exhibit B - a sworn Affidavit from defendant Fralin affirming the lack of service in this case (Exhibit 33 — see attached Exhibits A and B).

3. As should be obvious in comparing his signatures on his passport and drivers license, that his signature is not on any return receipt that may have been filed in this matter by Ms. Delaine or anyone acting on her behalf, as he has never received any certified or registered envelope containing the original Summons and Complaint (Exhibit 33).

4. As service has never been made on Mr. Fralin in this matter, Plaintiff has no factual or legal basis for obtaining a default judgment against Mr. Fralin, wherefore, the premises considered, defendant, Fralin, requests the Court to deny Plaintiff's motion for Judgment by Default (Exhibit 33).

On May 18, 2007 Plaintiff appeared in D.C. Superior Court for the 9:30 AM Show Cause hearing before Judge Lynn Leibovitz whereby defendant, Fralin, did not appear but was represented by his counsel, Jeffrey R. DeCaro. Judge Leibovitz stated only that from her review of the case files that she is dismissing defendant, Fralin, because the

13

records show that he had not been served, therefore Plaintiff's Complaint and the case is dismissed. Plaintiff was never allowed the opportunity to speak to present to the Court her Reply to defendant Fralin's Motion to Oppose Plaintiff's Motion for Judgment By Default, And Response to Show Cause, and to Reply to his Supplemental Opposition which was not forwarded to Plaintiff until May 15, 2007, three days before the hearing was to be held, but Plaintiff did prepare a "Reply" to his "Oppositions" which was not allowed to be presented because of the dismissal of the case. On the evening of May 18, 2007 after Plaintiff had returned home, Plaintiff received in the mail Superior Court Order dated May 16, 2007 that granted defendant William Fralin's "Motion to Excuse Appearance or Postpone Hearing for Show Cause scheduled for May 18, 2007. Plaintiff never received defendant Fralin's "Motion to Excuse Appearance or Postpone Hearing for May 18, 2007" (Exhibit 40).

Contrary to defendant Fralin's allegations in his "Supplemental Opposition to Plaintiff's Motion For Judgment By Default, And Response To Show Cause" (Exhibit 33), Plaintiff states as follows:

1. Plaintiff has filed various related cases, involving the same defendants and same subject matters, similar to the claim in the present action, which includes in addition to the four other lawsuits mentioned, U.S. District Court for D.C., Civil action no. 05-1751 in: Delaine v. U.S. Postal Service, et al., whereby the Complaint and Summons was mailed to defendant Fralin by certified mail with return receipt which he acknowledged receipt on November 25, 2006 at his address of 4525 Klingle Street N.W., Washington, D.C., whereby U.S. District Court Civil Docket reflects service upon him but he had not appeared in the case and he was dismissed from the case (Exhibits 9 and 10). Also D.C. Superior Court civil action no. 04-377 in Delaine v. District of Columbia, et al., whereby the Complaint, Summons, and initial order was sent by certified mail with return receipt which he signed on April 10, 2004 at the same address, and the Affidavit of Certified Mail Service was filed in D.C. Superior Court on April 16, 2004 showing the same signature as

14

in Exhibit 9 (Exhibit 2) whereby he filed a "Motion to Dismiss for Failure to State a Claim" in D.C. Superior Court and his attorney, Thomas R. Mooers mailed plaintiff her copy (Exhibit 4) and D.C. Superior Court dismissed his "Motion to Dismiss For Failure to State A Claim" because the case was removed on May 27, 2004 to U.S. District Court (Exhibits 5 and 6) whereby he received D.C. Superior Court's June 8, 2004 Notice of Removal on May 27, 2004's civil action no. 04-377 in DeLaine v. District of Columbia, et al, that states no further pleading will be accepted for filing in D.C. Superior Court at this time (Exhibit 3).

2. The lawsuits that defendant Fralin mentions that are similar, if not identical to the claim filed in this instant action are: ① DeLaine v. Wings N Things, et al, civil action no. 2006 CA 003308; ② DeLaine v. Greyhound Bus Lines, Inc., et al, civil action no. 2006 CA 003397B; ③ DeLaine v. New Hope Housing, Inc., et al, civil action no. 2005 CA 007209B; and ④ DeLaine v. Grant Food, Inc., et al, civil action no. 2005 CA 001639B; and defendant Fralin further alleges that plaintiff made the same allegation with respect to service on him, in each of these cases, and that contrary to plaintiff's unsupported assertion, Mr. Fralin was not served with a Summons of Complaint in any of those cases, and accordingly filed oppositions to the plaintiff's motion for Default Judgment, in each such case.

a) On January 5, 2006 plaintiff filed in D.C. Superior Court an Affidavit of Certified Mail stating that the initial order, complaint, and summons in civil action no. 05-001639 was served upon defendant William S. Fralin on January 12, 2006 and that the attached return receipt is attached thereto which is shown in Exhibit 1, Plaintiff's August 7, 2006 "Plaintiff's Motion To Vacate July 27, 2006 Superior Court Order Denying Plaintiff's Motion For Judgment By Default Against Defendant William S. Fralin" (Exhibit 34).

3. In all four cases, Defendant's Opposition To Plaintiff's Motion For Judgment by Default was not granted by the Court because plaintiff was unable to produce any evidence that she had, in fact, properly served Mr. Fralin with the Summons and Complaint in those cases, and is

15

shown in the following cases:

9. <u>Delaine v. Giant Food Stores, Inc.</u>, Civil action no. 05-001639.

On August 15, 2006 Defendant, William S. Fralin, filed in D.C. Superior Court "Opposition of Defendant, William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default", with attached Exhibit A - a copy of Plaintiff's August 7, 2006 "Plaintiff's Motion To Vacate July 27, 2006 Superior Court Order Denying Plaintiff's Motion For Judgment By Default Against Defendant William S. Fralin", with attached Exhibit B - Affidavit of William S. Fralin dated 08/16/06, and a copy of his Washington, D.C. Drivers License, and he forwarded a copy to Judge Neal Kravitz (Exhibit 35). Stated therein his "Opposition To Vacate Order Denying Plaintiff's Motion For Judgment By Default" at 1 #1 is stated that his attached Exhibit A is Plaintiff's Motion To Vacate, with supporting Affidavit. His Exhibit A consists only of Plaintiff's Motion To Vacate without any supporting Affidavits (Exhibit 35). Plaintiff's Motion To Vacate filed in D.C. Superior Court on August 7, 2006 included an exhibit 1 - copy of the Affidavit by certified mail of the Complaint, summons and initial order with copy of the certified return receipt showing the address of defendant, Fralin, and his signature and date received of January 12, 2006 (Exhibit 34).

Defendant, Fralin also alleged in his "Opposition To Motion To Vacate" at 1, #2, that he never signed a receipt acknowledging receipt of any pleadings in this case by certified mail; he is a member in good standing of the D.C. Bar, and an Officer of the Court and that he has prepared and signed a duly executed and notarized Affidavit, along with a copy of his drivers license, appended thereto as Exhibit B (Exhibit 35). He further stated that pursuant to S.C.R. 4, service upon an individual defendant must be made in person or by certified mail, return receipt requested, and as set forth in his Affidavit, Exhibit B, that proper service had not been made on him in this matter (Exhibit 35). Defendant, Fralin's, Exhibit B, Affidavit, swears that he never received service by certified mail or in person service as claimed by Plaintiff; He knows that the signature is a forgery and bears no resemblence to his signature and that he has attached a copy of his D.C. drivers license and has signed the affidavit (Exhibit 35). Defendant Fralin's August 15, 2006 "Opposition To Plaintiff's

16

Included, defendant received service of the Complaint and Summons on January 12, 2006 (Exhibit 34); also in the case of U.S. District Court for D.C. civil action no. 05-1751 in Delane v. U.S. Postal Service, et al, defendant Fralin received service of Complaint and Summons on November 25, 2005 (Exhibit 9 and 10). Defendant Fralin's signature on all 5 these mentioned certified mail return receipts are identical (Exhibit 2, 34 and 9.).

### Nature Of the Proceedings Below

1. Defendant Fralin's June 8, 2007 U.S. District Court for D.C. "Motion Of Defendant, William S. Fralin, To Dismiss Plaintiff's Complaint" (Exhibit 38) with attached Exhibit B - "Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default", with attached Exhibit A - "Plaintiff's Motion To Vacate July 27, 2006 Superior Court Order Denying Plaintiff's Motion For Judgment By Default Against Defendant William S. Fralin," with attached Exhibit 1 - Affidavit of Service by Certified mail filed in D.C. Superior Court on February 15, 2006 stating that the initial order, complaint and summons was mailed to defendant, Fralin and the return receipt attached hereto, was signed by defendant, Fralin on January 12, 2006, with copy of the return receipt showing signature of defendant, Fralin, address of defendant Fralin, and date signed January 12, 2006.

2. Defendant, Fralin's August 15, 2006 Superior Court filing of "Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default" with attached Exhibit A - "Plaintiff's Motion To Vacate July 27, 2006 Superior Court Order Denying Plaintiff's Motion For Judgment By Default Against Defendant William S. Fralin," without Plaintiff's attached Exhibit 1, (See Exhibit 35 and compare with Exhibits 34 and 38.)

3. Defendant Fralin's June 8, 2007 U.S. District Court for D.C. "Motion Of Defendant, William S. Fralin To Dismiss Plaintiff's Complaint (Exhibit 38)

19

addressed to the same address and shows his signature and date of delivery, April 10, 2004 that is attached to the Superior Court April 16, 2004 Affidavit of Service by certified mail with return receipt in the case of Delaine v. District of Columbia, et al, civil action no. 04-0000377, stating that Plaintiff mailed by certified mail with return receipt a copy of the initial order, complaint, and summons to defendant William S. Fralin who signed the return receipt on April 10, 2004 (Exhibit 2).

7. Defendant Fralin's Affidavit attached to his June 8, 2007 Motion of Defendant, William S. Fralin, To Dismiss Plaintiff's Complaint is the same one that was submitted on August 11, 2006 with his "D.C. Superior Court Opposition Of Defendant William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default," whereby he stated that he never received service either by certified mail or in person service as claimed by Plaintiff; knows that the signature is a forgery and bears no resemblance to his signature; that he did not sign or authorize anyone else to sign his signature to the signature on the certified mail receipt attached to "Plaintiff's Motion to Vacate July 27, 2006 Superior Court Order Denying Plaintiff's Motion For Judgment By Default Against Defendant, William S. Fralin; and that a copy of his D.C. Drivers License is attached and that he signed the affidavit (Exhibit 38).

Defendant, Fralin, did not attach an "Affidavit" to his June 8, 2007 U.S. District Court for D.C. "Motion Of Defendant, William S. Fralin, To Dismiss Plaintiff's Complaint" to show this Court that he swears to the information contained therein regarding his stating that he has never been served with process in this case either while it was pending in D.C. Superior Court. (Exhibit 38)

In the case of D.C. Superior Court Civil Action No. 2006 CA006600B in Delaine v. District of Columbia, et al, Defendant, Fralin's Affidavit swears that he never received service of any

22

summons and complaint in any of the cases that have been filed in the District of Columbia by Ms. Delaine, His signature on his Affidavit does not match his signatures on his passport, or his drivers license in Exhibit 33, nor do his signatures in Exhibits 33 match his signature in Exhibit 38 (See Exhibits 33 and 38).

An evidentary hearing and show cause order was scheduled in D.C. Superior Court for civil action no. 05-1639 in Delaine v. Giant Food Stores, Inc.; and for D.C. Superior Court, civil action no. 2006 CA 006600 B, whereby the case was wrongfully dismissed and the Court should have ordered for the service of U.S. Marshalls to serve the complaint and summons upon defendant, Fralin, whereby Plaintiff's motions for service by U.S. Marshalls were both denied (Exhibits 26, 27, and 28).

Plaintiff's July 17, 2006 "Motion For Judgment By Default against Defendant, Fralin" with attached Exhibit 1 Affidavit of Plaintiff, Ellen L. Delaine, states that defendant Fralin was served with the complaint and summons by certified mail with return receipt showing his signature and date of January 12, 2006 and that he was again served by D.C. Superior Court Clerk by mail on March 20, 2006 (Exhibit 39), and Plaintiff's D.C. Superior Court August 21, 2006 "Reply To Opposition of Defendant, William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment by Default" shows that defendant Fralin signed the certified mail return receipt for the initial order, complaint and summons addressed to his same address of 4525 Klingle Street, N.W., Washington, D.C., and his signature shows that he signed for it on April 10, 2004 for D.C. Superior Court civil action no 04-377 in Delaine v. District of Columbia, et al, whereby his attorney, Thomas R. Maers, filed a Motion To Dismiss For Failure to State a claim, on behalf of Defendant, Fralin, and forwarded Plaintiff a copy on June 23, 2004 and filed it in

23

D.C. Superior Court. Also, his Motion To Dismiss For Failure To State a claim was denied as moot, because the Case was removed on May 27, 2004 to U.S. District Court, whereby Superior Court mailed a Notice of Removal to defendant, Fralin on June 8, 2004, (Exhibit 37). The signature on the certified mail return receipt (Exhibit 2, and 37 (Exhibit 2), is identical to his signature on the certified mail return receipt in this instant action (Exhibit 34, and 38); and is also identical to his signature on the certified mail return receipt in U.S. District Court, civil action no. 05-1757 in Delaine v. U.S. Postal Service, et al. (Exhibit 9).

Wherefore, the premises considered Plaintiff Ellen L. Delaine respectfully requests that this Honorable Court deny the "Motion of Defendant, William S. Fralin, To Dismiss Plaintiff's Complaint" and to enter a Default Judgment against defendant, Fralin, including reasonable fees and expenses, and any offending party or attorney may be adjudged guilty of contempt for Affidavits presented in bad faith.

Respectfully Submitted,

Ellen L. Delaine
5608-14th Street NW
Washington, D.C. 20011
202-829-1745

24

Certificate Of Service

I Hereby Certify that a copy of the foregoing "Plaintiff's Opposition To Motion Of Defendant, William S. Italia, to Dismiss Plaintiff's Complaint and/or Plaintiff's Motion For Judgment By Default, with Attachments, was mailed first class, postage prepaid, this 28th day of June, 2007 to:

DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP
Jeffrey R. DeCaro
4601 Forbes Boulevard
Suite 200
Lanham, MD. 20706


Ellen L. Delaine

25