RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

NANCY M.
MAYER-WHITTINGTON
CLERK

UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA, CIVIL

Ellen L. Delaine,

      Plaintiff

v.

Giant Food Stores, Inc, et al.,

      Defendants

Civil Action No.: 1:06CV1502(RJL)

PLAINTIFF'S MOTION FOR RELIEF FROM DISTRICT COURTS ORDER DENYING MOTION TO VACATE ORDER GRANTING DEFENDANT WILLIAM S FRALIN'S MOTION TO DISMISS COMPLAINT, AND/ OR MOTION FOR EVIDENTARY HEARING

    Comes now Plaintiff, Ellen L. Delaine, and pursuant to Federal Rules for Civil Procedures 60(b)(6), moves herein as an independent action to relieve her from District Courts August 17, 2007 Order denying Plaintiff's Motion To Vacate District Courts July 23, 2007 Order Granting Defendant William S. Fralin's Motion To Dismiss Complaint for reasons set forth in the accompanying Memorandum Opinion dated July 25, 2007. As grounds in support thereof Plaintiff states as follows:

    District Court's August 17, 2007 Order denying Plaintiff's Motion To Vacate Order Granting Defendant, Fralin's, Motion To Dismiss Complaint" gave no reason specifying why Plaintiff's Motion was Ordered denied. District Court's July 23, 2007 Order Granting Defendant, Fralin's, Motion To Dismiss Plaintiff's Complaint"

states therein. "For the reasons set forth in the Memorandum Opinion, it is this 23rd day of July, 2007 hereby Ordered that William Fralin's Motion to dismiss the claims against him is Granted. So Ordered." The Memorandum Opinion is dated July 25, 2007, two days after the Order was written, and states therein that currently before the Court is defendant Fralin's Motion to dismiss, pursuant to FRCiv.P. 12(b) (4 and 5), for the following reasons defendant's motion is granted." Also stated therein is, "In the case at hand, defendant Fralin has moved to dismiss the claims against him arguing that he was never served. Although plaintiff argues that Mr. Fralin was served in other actions she has brought against him, she has offered no evidence that he was served in the present case. Accordingly, the Court will grant Mr. Fralin's motion to dismiss."

On August 13, 2007 Plaintiff filed in District Court a "Motion To Vacate Order Granting Defendant, William Fralin's, Motion "To Dismiss Plaintiff's Complaint" and stated therein at #1, that, in her June 28, 2007 District Court "Opposition To Motion Of Defendant, Fralin's To Dismiss Plaintiff's Complaint and 0 L Plaintiff's Motion For Judgment by Default", Exhibit 34 "Plaintiff's Motion To Vacate July 27, 2006 Superior Court Order Denying Plaintiff's Motion For Judgment By Default against defendant William S. Fralin", exhibit I — copy of D.C. Superior Court Affidavit of Service by certified mail filed February 15, 2006 with attached copy of certified mail return receipt signed on January 2, 2006 by printed name and signature, defendant William S. Fralin of the address of 4525 Ringle Street N.W., Washington D.C., is the evidence that Plaintiff offered in the L District Court June 28, 2007 "Opposition to Defendant Fralin's motion to Dismiss complaint" to show that defendant Fralin was served in the present case, and this evidence is also shown

2

in Plaintiff's Exhibit 38 (therein Exhibit B), "Defendant Fralin's Motion to Dismiss Complaint filed on June 8, 2007 in District Court, with attached exhibit B - Defendant Fralin's Superior Court "Opposition to Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default, Exhibit A - therein, copy of Plaintiff's August 7, 2006 Superior Court "Motion To Vacate Superior Court's July 27, 2006 Order Denying Plaintiff's Motion For Judgment By Default against defendant Fralin" Exhibit 1 - copy of Superior Court February 15, 2006 Affidavit of Service by certified mail with attached green card return receipt signed and dated as received by William S. Fralin on January 12, 2006 at the address of 4525 Klingle Street N.W., Washington, D.C.; and that these exhibits are proof of evidence offered to the Court by Plaintiff in her June 28, 2007 District Court "Opposition To Defendant, Fralin's Motion To Dismiss" to show that defendant, Fralin was served in the case at hand.

Plaintiff further states in her August 13, 2007 District Court " Plaintiff's Motion To Vacate Order Granting Defendant, William S. Fralin's Motion To Dismiss Plaintiff's Complaint" at 2, #2, that her June 28, 2007 District Court "Opposition To Motion of Defendant, William S. Fralin, To Dismiss Plaintiff's Complaint and/or Plaintiff's Motion For Judgment By Default", Exhibit 37 - copies of Superior Court civil docket sheets showing that on the date of March 20, 2006, the Clerk, pursuant to Superior Court Rule 54-II issued the Amended Complaint, Summons, initial order with Acknowledgement Form to defendant, William S. Fralin, by mail in this presidence; also is shown a copy of the Summons and Notice and Acknowledgement form for service by mail issued by the Clerk, pursuant to SCR 4(c) 4 and 54-II upon defendant, William S. Fralin, at his address of 4525 Klingle Street N.W., Washington, D.C., mailed on March 20, 2006 is further

Proof of evidence offered that defendant, Fralin was properly served pursuant to F.R.C.P. 4(c) because the Clerk of the Court is a person or officer specially appointed by the Court for that purpose, and such an appointment must be made when the Plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C., Sect. 1915.

Wherefore, Plaintiff did offer evidence in her June 28, 2007 District Court "Opposition To Defendant Fralin's Motion To Dismiss Complaint" as is factory to the Court to show that defendant, Fralin was served in the present case; and according to District Court's July 25, 2007 "Memorandum Opinion" given reasons for the July 23, 2007 Order Granting, defendant, William Fralin's, Motion To Dismiss the claims against him accordingly should be vacated.

Federal Rules of Civil Procedures 60(b)(6) states therein that "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant, not personally notified as provided in Title 28, U.S.C., Sect. 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

Wherefore Plaintiff, and pursuant to F.R.Civ.P. 60(b)(6) files the within motion as an independent action to relieve her from District Court's August 17, 2007 Order denying Plaintiff's Motion to Vacate Order Granting Defendant, William S. Fralin's Motion To Dismiss Complaint and hereby moves this Court to Order an Evidentiary Hearing that was initially ordered by Superior Court to show cause, but was cancelled because of the case removal, Why a default judgment should not be entered

4

against defendant Fralin. As further grounds in support thereof, Plaintiff states as follows:

1. Defendant, Fralin's June 8, 2007 District Court "Motion to Dismiss Plaintiff's Complaint" states therein at #1, "When this case was initially pending before Judge Kravitz in D.C. Superior Court, Plaintiff filed a Motion for Default Judgment alleging that she had properly served Mr. Fralin with the summons and complaint in this case."

Plaintiff's D.C. Superior Court July 17, 2006 "Motion for Judgment By Default against Defendant, Fralin" alleges that:

a) On February 15, 2006 she filed in Superior Court an affidavit for service by certified mail in this matter with attached green card return receipt showing the date of delivery on January 12, 2006 signed by printed name and signature of defendant, William S. Fralin.

b) Plaintiff filed in D.C. Superior Court on November 21, 2006 her "Amended Complaint" with a letter entitled, "Addressed to The Court" stating therein that she is involuntarily committed to a Virginia Hospital and that she requests the Court to issue the Amended Complaint and summons to the defendants named therein as she is proceeding in this case, in forma pauperis which entitles her, but the Court did not honor her in forma pauperis status.

c) On March 20, 2006 Plaintiff appeared in D.C. Superior Court and had the Clerk, pursuant to SCR 54-II, issue the Amended Complaint summons, initial order with acknowledgement form upon all defendants by mail.

d) SCR Civ. P. 12(a)(1) states "unless a different time is prescribed in an applicable statute, a defendant shall serve an answer within twenty (20) days after being served with the complaint and summons.

e) SCR Civ. P. 12(a)(5) states, "Except when the time to

5

respond to the Complaint has been extended as provided in rule 55 e)
failure to comply with the requirements of this rule shall result in the
entry of a default by the Clerk of the Court sua sponte unless other-
wise ordered

f) defendant, Fralin, as of the date of the default judgment
motion never filed a responsive pleading to the Amended Complaint
after receiving the pleading asserting the claims against him,
whereby entitling Plaintiff to entry to demand a default judgment
and pursuant to SCR Civ. P. 54(c) and 55(a), and (b)(1), against
him

g) Plaintiff's attached exhibit 1 - Affidavit of Ellen L. Delaine
states therein that on February 15, 2006 an affidavit of service by
certified mail with attached green card return receipt was filed
in Superior Court showing the printed name and signature of defendant
Fralin signed on June 12, 2006 at his address on Kringle Street
N.W. Washington, D.C.; and that on March 30, 2006 the Clerk,
pursuant to SCR 54-II issued the Complaint, Summons, initial
order with acknowledgement form by mail upon defendant,
Fralin, because the Clerk did not honor Plaintiff's info min
pauperis status when Plaintiff requested the Clerk to effect service
of process upon the defendants in Plaintiff's November 21, 2006
filed letter "Addressed To The Unit" that accompanied her
Amended Complaint; and again defendant, Fralin, failed to
comply with Court rules in answering the Amended Complaint
asserting the claims against him within prescribed time
after he had received the pleadings; wherefore Plaintiff demands
judgment by default in compensatory and punitive damages
against defendant, Fralin, as stated in Plaintiff's July
17, 2006 signed and notarized Affidavit.

2. Defendant, Fralin's, June 8, 2007 District Court "Motion To
Dismiss Plaintiff's Complaint states therein at (#1) that "On
July 27, 2006 Judge Kravitz denied Plaintiff's Request

6

for Entry of a Default Judgment against him stating reasons was because that the Plaintiff has once again failed to submit the certified mail receipt on which she relies for proof of service (see Superior Court order denying "Plaintiff's Motion For Judgment By Default Against Defendant, Williams, Fralin," appendended thereto as Exhibit A.)

D.C. Superior Court's July 27, 2006 Order denying "Plaintiff's Motion For Judgment By Default against Defendant, Fralin" states therein that, "Plaintiff contends that she is entitled to the entry of a default Judgment order pursuant to Rule 55 (a) of the SCR Civ. P. because the defendant failed to file a response to the Complaint despite having been served with process on January 17, 2006." Further stated in that Order is, "As the Plaintiff has once again failed to submit the certified mail receipt on which she relies for proof of service, it is this 27th day of July, 2006 Ordered that the Plaintiff's Motion is Denied".

As of the date of Superior court's July 27, 2006 Order denying Plaintiff's Motion for Entry of Judgment By Default against defendant William S. Fralin, he neither filed any responsive pleadings to Plaintiff's Amended Complaint as prescribed in SCR Civ. P. 12(a)(1) and 12(G)(3), nor did he respond to Plaintiff's Motion For Judgment By Default against him, in order to plead or otherwise defend as prescribed in SCR Civ. P. 8(b) and 8(d)-Effect of failure to deny. Whereby the reason given in the July 27, 2006 Superior court Order denying Plaintiff's Motion for Judgment by Default against Defendant, Fralin, is not the defense given by defendant Fralin, or by his counsel, as no responsive pleading had been filed on his behalf but it is in fact the defense given by Judge Kravitz on behalf of defendant, Fralin, and Judge Kravitz is not the counsel or attorney on behalf of defendant, Fralin.   Defendant, Fralin is required to file a responsive pleading to plead or otherwise deny. F. R. Civ. P. 8(d) states that averments in a pleading to which a responsive pleading is required, other than those as to

1

the amount of damage, are admitted when not denied in the responsive pleading. Judge Kravitz's July 27, 2006 Superior Court Order Denying Plaintiff's Motion for Judgment By Default against defendant Fralin, never mentioned that Plaintiff also alleged that the Clerk, pursuant to SCR 54 II, issued the Amended Complaint, summons, initial order with acknowledgement form by mail/upon defendant Fralin, on March 20, 2006, and that the Clerk is an officer of the Court specially appointed by the Court for that purpose when a Plaintiff is proceeding in forma pauperis.

3.   Defendant Fralin's, June 8, 2007 District Court's "Motion To Dismiss Plaintiff's Complaint", at 1, #3, states, "Following receipt of the July 27, 2006 Order issued by Judge Kravitz, Plaintiff filed a Motion To Vacate the Court's Order." Further therein at 2, #4, is stated, "Defendant, through counsel, filed an Opposition to Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default (see therein, Exhibit B)".

   a. On August 7, 2006 Plaintiff filed in D.C. Superior Court a meritorious motion to Vacate Superior Court's July 27, 2006 Order Denying Motion for Judgment By Default against defendant Fralin, and alleged therein: ① Once again the Court failed to recognize the fact that the Clerks office does not allow affidavits of service by certified mail to be filed without the greencard return receipt attached to the Affidavit; ② the Affidavit of service by certified mail form for filing with the Clerk requires it to be notarized by the Deputy Clerk after the person pltng it swears to the facts therein contained and has signed it, and the deputy clerk signs and dates it stating that the certified mail return receipt is attached; ③ in Plaintiff's Exhibit 1 of her Motion To Vacate Order is a copy of the Affidavit of Service by Certified Mail form Plaintiff filed with the Clerk on February 15, 2006, with attached certified mail return receipt showing

8

that it was addressed to defendant, Fralin's, home address on Klingle Street N.W, Washington, D.C. and was received by him on January 12, 2006 showing his printed name and signature.

⑥ Plaintiff's conclusion stated that for her reasons given in her Motion to Vacate Order, and the fact that defendant, Fralin, still has not filed with the court any responsive pleadings to Plaintiff's Amended Complaint or to Plaintiff's Motion for Judgment By Default against him, that Plaintiff therefore moves the court to grant her, Motion and to enter a default judgment against defendant, Fralin, pursuant to SCR Civ. P. 55(g) for failing to comply with court rules in answering the Complaint, and Plaintiff further concluded that she did submit the certified mail return receipt with her affidavit for service by certified mail that she filed with the Clerk as proof of service upon defendant, William S. Fralin.

b. Defendant, Fralin's Superior Court "Opposition To Plaintiff's Motion To Vacate Order Denying Motion for Judgment By Default" pursuant to SCR 9, 12 and 55 (see District Court's June 8, 2004 Defendant, Fralin's Motion To Dismiss Plaintiff's Complaint Exhibit B), alleged therein that:

b-1. "In her Motion to Vacate she alleges that Mr. Fralin signed a return receipt on or about January 12, 2006 acknowledging receipt of the Plaintiff's complaint in the above captioned matter (Plaintiff's Motion to Vacate, with supporting affidavit is appended hereto as Exhibit A)"

b-2. further stated therein is, "Contrary to the allegations set forth in the Plaintiff's Motion, Mr. Fralin has never signed a return receipt acknowledging receipt of any pleadings in this case by certified mail, nor has he been served in person with the summons and complaint in this matter".

b-3. "As a member in good standing of the D.C. Bar and an Officer of the Court, Mr. Fralin has prepared and signed an affidavit denying receipt of process in this matter"

9

b4, "a copy of Mr. Fralin's duly executed and notarized Affidavit, along with a copy of his drivers license, are appended hereto as Exhibit B."

Defendant, Fralin's superior Court August 15, 2006 "Opposition To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default" was filed in Court more than one month after Plaintiff had filed her July 17, 2006 Motion For Judgment By Default against him, and defendant, Fralin, did not comply with F.R. Civ. P. 6(b) in filing a motion for leave of Court for an enlargement of time showing good cause or excusable neglect to file his "Opposition To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default." Federal Rules for Civil Procedures 5(e) states that, "The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk." Counsel for defendant, Fralin, Mr. Jeffrey DeCaro, forwarded the "Opposition of Defendant William S. Fralin To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default" with attached letter to Judge Neal E. Kravitz dated August 15, 2006, instead of complying with that rules which states that the filing of papers with the court Clerk is deemed, and Judge Neal Kravitz did not give permission to defendant William S. Fralin or his counsel, Jeffrey DeCaro, to file papers with him.

Plaintiff's June 28, 2007 District Courts' "Opposition To Defendant William Fralin's Motion To Dismiss Complaint and/ or Plaintiff's Motion For Judgment By Default" at 16-17, alleges that defendant, Fralin's, Superior Court August 15, 2006 "Opposition To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default (Exhibit 35) was intentionally filed with Judge

10

Kravitz instead of being filed with the Clerk, as defined by
F.R. Civ. P. 5(d) because Judge Neal Kravitz's July 27, 2006
Order denying Plaintiff's Motion for Judgment By Default for
reasons stated that Plaintiff did not have the attached certified
mail receipt for which she relies for proof of service on January
12, 2006 attached to her Affidavit of service by certified mail,
was in fact not the defense plead by defendant, Fralin, but was
the defense plead by Judge Neal Kravitz, as defendant, Fralin
never filed a responsive pleading to defend, Plaintiff further
alleged in her June 28, 2007 District Court "Opposition to
Motion of Defendant, William Fralin, to Dismiss Plaintiff's Complaint
and/or Plaintiff's Motion for Judgment By Default" at 19-20,
that defendant, Fralin's, Superior Court August 15, 2006 "Opp-
osition to Plaintiff's Motion To Vacate Order Denying Motion
for Judgment By Default Against Him", omitted including Plaintiff's
Exhibit of the certified mail return receipt showing his printed
name and signature dated January 12, 2006 that was attached
to the Affidavit of service By Certified mail copy that was also
included in ~~Plaintiff's~~ exhibit when he filed his Motion with
Judge Neal Kravitz instead of filing his papers with the Clerk.
(see Exhibit 35 and compare with Exhibits 34 and 38.).
Plaintiff further alleged that defendant, Fralin's, District
Court June 8, 2007 "Motion of Defendant, Fralin, to Dismiss
Plaintiff's Complaint (see Exhibit 38) does not have the
cover page which is the letter from his counsel, Jeffrey
ReCard, dated August 15, 2006 addressed to Honorable
Neal E. Kravitz, that was attached to his August 15, 2006
Superior Court "Opposition of Defendant William Fralin, to
Plaintiff's Motion to Vacate Order Denying Motion for Judgment
by Default" that he filed with Judge Kravitz instead of
filing it with the Clerk that is denied in Superior Court Rules
(see Exhibit 35 and compare with Exhibit 38). Plaintiff
further alleged that defendant, Fralin's, June 8, 2007 District

11

Court's filing of "Motion of Defendant, Fralin, To Dismiss Plaintiff's Complaint" does not contain the exact same order of the therein contained documents as was arranged when he filed the Motion in Superior Court (see Exhibit 35 and compare to 38) on August 15, 2006 in his "Opposition to Plaintiff's Motion To Vacate Order Denying Motion for Judgment By Default".

b-5. "pursuant to SCR 4 service upon an individual defendant must be made in person, or by registered or certified mail, return receipt requested".

b-6. "As set forth in the Affidavit appended hereto as Exhibit B, proper service has not been made on Mr. Fralin in this matter".

b-7. "Wherefore, the premesis considered, Defendant, William S. Fralin, respectfully requests that Plaintiff's Motion To Vacate the Order Denying Plaintiff's Motion For Judgment By Default be denied by the Court".

The Affidavit of William S. Fralin, Exhibit B, in his Superior Court's August 15, 2006 "Opposition To Plaintiff's Motion To Vacate Order Denying Motion for Judgment By Default", Signed sworn and subscribed on August 11, 2006 states therein that:

① he is an attorney licensed in D.C. (#419937) and an officer of the Court;

② he never received service either by certified mail or in person as claimed by the Plaintiff;

③ He did not sign or authorize anyone else to sign his signature to the signature on the certified mail receipt, attached to Plaintiff's Motion To Vacate July 27, 2006 Superior Court order Denying Plaintiff's Motion For Judgment by Default against Defendant, William S. Fralin;

④ He knows that the signature is a forgery and bears no resemblance to his signature shown on the attached copy of his D.C. Drivers license and his signed Affidavit.

⑤ that he is William S. Fralin, being over eighteen

12

years of age and he hereby states the following facts in the above referenced case (Superior Court for D.C. Civil Division, Ellen L. Delaine, plaintiff v. Giant Food Stores, Inc., Defendant);

6. that he, William S. Fralin, being duly sworn on oath, depose and say he has read the foregoing affidavit by him subscribed and that the facts therein are true to the best of his knowledge, information, and belief.

4   District Court's June 5, 2007 "Motion of Defendant, William S. Fralin, To Dismiss Plaintiff's Complaint" states at 2, #5, that, "On September 27, 2006, Judge Kravitz issued an Order scheduling an evidentiary hearing on Plaintiff's Motion, To Vacate the Court's Order of July 21, 2006, and that a hearing was to take place on October 12, 2006 (see therein, Exhibit C).

a. Superior Court's September 27, 2006 Order for an evidentiary hearing to be held on October 12, 2006 with Plaintiff and defendant Fralin, on the Plaintiff's Motion To Vacate the Court's Order denying Plaintiff's Motion for an entry of a default Judgment against defendant, William S. Fralin, stated therein that, "The Plaintiff contends that a certified mail receipt appended to her motion establishes that the defendant was served with the summons, complaint and initial order on January 12, 2006. The defendant has filed an opposition to the Plaintiff's Motion, supported by his own affidavit, in which he contends that the signature on the certified mail receipt is not his own and that he has never been served with process in this case. The Plaintiff has filed a reply to the defendant's opposition. As it is necessary to hold an evidentiary hearing to determine whether or not the defendant was properly served as alleged by the plaintiff, it is this 27th day of September, 2006 Ordered that the plaintiff and defendant Fralin shall appear in Courtroom 415 on October 12, 2006 at 11:00 AM for an evident-

13

ary hearing on the Plaintiff's motion. The parties shall be prepared to present competent evidence relating to the question of whether the defendant signed the certified mail receipt or was otherwise properly served with process in this case.

b. Superior Court Judge Kravitz's July 27, 2006 Order denied Plaintiff's Motion for Judgment By Default against defendant, Fralin, for the reasons stated that, "Plaintiff has once again failed to submit the certified mail receipt on which she relies for proof of service which would entitle her to the entry of a default, pursuant to SCR Civ. P. 55(a) because the defendant failed to file a response to the complaint having been served with process on January 12, 2006."

Judge Kravitz's July 27, 2006 Order that denied Plaintiff's Motion for Judgment by Default against defendant, Fralin, never mentions therein that Plaintiff also alleged that defendant, Fralin, was again served with process on March 30, 2006 by Superior Court Clerk, pursuant to SCR 54-II, who is an officer of the court and a person specially appointed by the Court for that purpose, and who issued the Amended Complaint summons, in that order with acknowledgment form by mail upon defendant, Fralin, whereby service by mail is complete.

Defendant, Fralin, as stated in his sworn affidavit, "I am an attorney licensed in the District of Columbia (#419935) and an officer of the Court," and defendant, Fralin, failed to comply with court rules in answering the Amended Complaint (the Notice and Acknowledgment Form) and in answering Plaintiff's Default Judgment Motion against him, within the Court's prescribed time; nor did he file any motions for leave of Court for an Enlargement of Time, as prescribed in F.R. Civ. P. 6(b), showing good cause or excusable neglect why he did not file his responsive pleadings to plead or otherwise defend within prescribed time.

c. Superior Court Judge Neal Krautz's September 27, 2006 Order for an evidentiary hearing also states therein that Plaintiff has filed a Reply to the defendant's Opposition but Judge Krautz makes no mention in his Order regarding the contents contained therein Plaintiff's "Reply" concerning her allegations in response to defendant Tralins "Opposition", nor the fact that Plaintiff's "Reply" to Defendant Tralins "Opposition" was timely filed with the Clerk on August 21, 2006.

Plaintiff's August 21, 2006 "Reply to Opposition of Defendant, William S. Tralin, to Plaintiff's Motion to Vacate order Denying Motion for Judgment by Default" alleges therein that:

1. Plaintiff's Amended Complaint in this matter alleges therein that it a related case to her 2004 Superior Court Amended Complaint civil action number 04-377 in Delaine v. District of Columbia, et al, and showing the same address for defendant, Tralin, and involves the same defendants and same subject matters (herein, see Exhibit 1 ). On May 28, 2004 Superior Court civil action number 04-377 in Delaine v. District of Columbia, et al was removed to United States District Court for District of Columbia, civil action number 04-872 in Delaine v. United States Assistant Attorney in the District of Columbia, et al, and was dismissed and appealed and currently pending in the United States Court of Appeals for District of Columbia, Appeal number 04-5480,

Plaintiff filed in D.C. Superior Court on June 19, 2006, a "Motion For A New Trial; Amendment of Judgment" in civil action number 05-1639, this instant matter, with Exhibit 1 - copy of D.C. Superior Court April 6, 2004 Amended Complaint civil action number 04-377 in Delaine v. District of Columbia, et al

2. In Plaintiff's D.C. Superior Court related case Amended Complaint, civil action number 04-377 in Delaine v. District of Columbia, et al, the Amended Complaint, summons, and initial order was mailed by certified mail with return receipt to defendant, Tralin, at his home address of 4575 Klingle Street N.W. Washington, D.C. and the return receipt shows his printed name and signature

15

4-C (cont)

signed on date of delivery of April 10, 2004. The Affidavit of Service for certified mail was filed, signed and notarized by Superior Court Clerk on April 16, 2004. The printing and writing of the name of defendant, Fralin, on the certified mail return receipt signed on April 10, 2004 is identical to the writing of his printed name and signature on the certified mail return receipt that he signed on January 13, 2006 for Receipt of the Amended Complaint in this instant action that Plaintiff filed with her Affidavit of Service by certified mail with Superior Court Clerk on February 15, 2006, for civil action number 05-1639, and which Plaintiff had attached as exhibit 1 with her August 7, 2006 Superior Court "Plaintiff's Motion to Vacate July 27, 2006 Order Denying Motion for Judgment by Default Against Defendant William S. Fralin" as proof of service of process by certified mail upon him (therein, see Exhibit 2).

3. Superior Court's June 8, 2004 notice regarding civil action number 04-377 in: Delaine v. District of Columbia, et al. removal on May 27, 2004 to U.S. District Court for D.C. stating that no further pleadings will be accepted in Superior Court was mailed to all defendants named therein (therein, see Exhibit 3).

4. Defendant, Fralin's, "Motion to Dismiss for Failure to State a Claim" in Superior Court's civil action number 04-377 in: Delaine v. District of Columbia, et al, was filed in Superior Court on June 23, 2004 by and through counsel, Thomas R. Mooers, Esquire of Mooers & Associates at 1629 Vermont Avenue N.W., Suite 600, Washington, D.C. 20005, and copies were mailed to all defendants. The copy mailed to Plaintiff shows the postal date on the envelope of June 24, 2004 from the return address of Mooers & Associates in Washington, D.C.. The "Motion To Dismiss for Failure To State A Claim"

16

4-C (Cont'd)

makes no allegations therein regarding insufficiency of service of process or alleging that the signature on the certified mail return receipt attached to Plaintiff's Affidavit of service by certified mail filed with the Clerk, was in fact not signed and received by defendant, William S. Fralin. Also defendant, Fralin's "Motion To Dismiss for failure to State a Claim" was not filed with the Clerk within the Court's prescribed time (therein, see Exhibit 4).

5. In P.C. Superior Court's civil action number 04-371 in: Delaine v. District of Columbia, etal., July 20, 2004 Order denying as Moot defendant, Fralin's "Motion to Dismiss for failure to State A Claim" stated reasons was because the case was removed to U.S. District Court on May 27, 2004, and further Ordered that the case was closed in Superior Court (therein, see Exhibit 5).

6. Plaintiff's U.S. District Court for D.C, civil action number 05-1751 in: Delaine v. U.S. Postal Service, etal., shows that the certified mail return receipt was addressed to defendant Fralin, at the same address of 4525 Klingle Street N.W., Washington, D.C., and showing his printed name and signature on date of delivery of November 25, 2005 (therein, see Exhibit 6) is identical to his writing on the certified mail return receipts in Superior Court's civil action number 05-1639 in: Delaine v. Giant Food Stores, Inc., etal., shown in "Plaintiff's Motion To Vacate July 27, 2006 Order Denying Motion for Judgment By Default against Defendant Fralin"; and also in Superior Court, civil action number 04-371 in: Delaine v. District of Columbia, etal. (therein, see Exhibit 2).

7. Defendant, Fralin's Superior Court's Opposition To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default"

17

4-C (Cont)

Exhibit B-Affidavit of William S. Fralin, is an intentional misrepre-
sentation of a material fact made with the knowledge of the falsity
of his sworn statements under oath as a licenced attorney in
D.C (#419937) and an officer of the Court, swearing to the fact
that he never received service by certified mail and that he
did not sign or authorize anyone else to sign his signature on
the certified mail receipt attached to "Plaintiffs Motion to Vacate
July 27, 2006 Superior Court Order Denying Plaintiffs Motion For
Judgment By Default against defendant, Fralin"; that he knows
that the signature is a forgery and bears no resemblence to
his signature on the attached copy of his drivers license and
signature on his Affidavit in Exhibit B; Defendant, Fralin,
made further intentional false statements by stating that he is
being first duly sworn, on oath, deposed Affidavit that
he read and was subscribed by him, and swears that the facts
therein are true and to the best of his knowledge, information
and belief, Plaintiff further alleged therein that his his
Affidavit intentionally made false statements done in malice
and in Bad faith solely for the purpose of delay and with
intent to defraud the Court in this instant matter,

8, Plaintiffs Exhibit 4-copy of Superior Courts civil action number
04-377 in: Delaurine vs District of Columbia, et aly "Defendant, William
S. Fralins, Motion to Dismiss For Failure To State A Claim", states
therein that Plaintiff was an employee as a telemarketer for
defendant, Fralin, for a brief time at his law firm that he runs
in Northern Virginia. Plaintiff alleged in her "Reply to Opposition
to Defendant, Fralins, Motion to Vacate Order Denying Plaintiffs Motion
For Judgment by Default Against him filed on August 24, 2006 in
Superior Court, that Defendant, Fralins, August 15, 2006
"Opposition to Plaintiffs Motion To Vacate Order Denying Plaintiffs
Motion For Judgment by Default" Exhibit B-copy of his D.C,
drivers license showing his date of birth being 01-03-62, is

18

4C (cont'd)

an interfacial fraudulent statement and misrepresentation a material fact made for the purpose of defrauding the United States, and this Court. Plaintiff was in fact employed as a teleworker for a brief time for defendant, Fralin, in his Northern Virginia law firm and Plaintiff alleges that he is a much older person than the age & the date & birth that is shown on the copy & his D.C. drivers licence in his "Opposition To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default Against Defendant, Fralin, Exhibit B".

9. Plaintiff's Superior Court June 19, 2006 civil action number 05-1639 in Delaine v. Giant Food Stores, Inc., et al, "Motion For A New Trial, Amendment & Judgment" states therein on page #6 that her exhibit 2, which is a copy of the U.S. District Court for D.C.'s September 23, 2004 Memorandum Opinion and Order of Judge Gladys Kessler in Delaine v. U.S. Assistant Attorney for the District of Columbia, et al, civil action number 04-872, which is the same case that was initially filed in D.C. Superior Court, civil action number 04-377 in Delaine v. District of Columbia, et al, that was removed on May 28, 2004 to U.S. District Court for D.C., civil action number 04-872, shows that Judge Gladys Kessler stated therein the September 23, 2004 Memorandum Opinion, page #3, that defendant, Fralin, filed a Motion To Dismiss on July 9, 2004 and she granted defendant Fralin's Motion To Dismiss for the same reason given why she dismissed the case. Defendant, Fralin, did not file a "Motion To Dismiss Complaint" in District Court on July 9, 2004 nor did he ever file a Motion To Dismiss Complaint in that case in U.S. District Court after Superior Court Order Denied his Motion To Dismiss Complaint for failure to State A Claim on July 20, 2004 because he received Superior Court's June 8, 2004 Notice that was mailed to him that stated therein that no further pleadings were accepted in Superior Court because the case was removed on May 27, 2004

29

4-C (cont)

to U.S. District Court. Plaintiff further alleged in her Superior Courts' "Reply To Opposition Of Defendant, William S. Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default" that District Court Judge Gladys Kessler intentionally made false statements with the knowledge of the falsity of the statements in her September 23, 2004 Memorandum Opinion and Order that dismiss Plaintiff's case, Civil action number 04-822 in: Delaine v. U.S. Assistant Attorney for District Columbia, et al., and it was a intentional misrepresentation of a material fact solely for the purpose of defrauding the Court and for the purpose of delaying Plaintiff's relief entitlements.

10. Plaintiff's Superior Court July 17, 2006 "Motion For Judgment By Default Against Defendant, Fralin" states therein that she was involuntarily committed to a Northern Virginia Hospital and that her "Amended Complaint" with letter entitled "Addressed to The Court" that was filed in Superior Courts Clerks office on November 21, 2005 states therein her letter "Addressed to the Court" for the Clerk to honor her in forma pauperis status and to served the Amended Complaint upon the defendants named therein but the Clerk did not honor her request; therefore, Plaintiff issued the Amended Complaint upon the defendants by way of certified mail with return receipts.

Plaintiff further stated therein her Superior Court July 17, 2006 "Motion For Judgment By Default Against Defendant, Fralin" filed in Superior Court, page #3, that on March 20, 2006 the Clerk, pursuant to SCR 54-II issued by mail the Amended Complaint, summons, initial order with acknowledgement form upon all defendants including defendant, Fralin, and that the Civil Docket entries reflects this (therein, see Exhibit 7). Plaintiff also attached copies of the summons and the SCR Civ. Form 1-A Notice and Acknowledgement Form for Service by mail, which states therein the court rules regarding it, and shows that the Clerk, a is officer

20

of the Court specially appointed by the Court for this purpose, mailed it to defendant, Fralin, at his same address on Klingle Street in Washington, D.C. on March 20, 2006. The summons and Acknowledgement Form both states therein that failure to answer the Complaint within prescribed time could result in a default judgment against you for the relief demanded in Complaint; and the Acknowledgement form states therein that you must complete it, sign it, and return it to the sender within prescribed time, or you may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law, and that you must answer the complaint within prescribed time; and if you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint (Therein, see Exhibit 8). Plaintiff further alleged therein that defendant, Fralin, again failed to comply with court rules.

11. Plaintiff further stated that for her reasons stated therein her "Reply To Opposition of Defendant, Fralin, To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default" that the Court should deny his "Opposition To Plaintiff's Motion To Vacate Order Denying Motion For Judgment By Default Against Defendant, Fralin" because it is clearly and intentional fraudulent misrepresentation a material fact made with the knowledge of the falsity of his statements, which were made in malice and in bad faith, and solely for the purpose of defrauding the court and for the purpose of delay. Plaintiff further therein requested the court to grant her "Motion To Vacate Order Denying her Motion For Judgment By Default against Defendant, Fralin", and to award her reasonable expenses which the filing of his Affidavit caused her to incur, including reasonable fees, and that any offending party or attorney may be adjudged guilty of contempt.

21

5.   Defendant, Tralia's District Court filed "Motion To Dismiss Complaint" at 2, #6 states therein, "The evidentiary hearing was never held however, as Judge Kravitz issued a subsequent Order on October 4, 2006 closing the Superior Court case in light of the removal of the action to the U.S. District Court for D.C. (therein, see Exhibit D)".

a. Superior Court Judge Neal Kravitz's October 4, 2006 Order states therein that despite the Civil Clerks file stamp on the Removal notice, the notice has not been docketed, and that the Court became aware of the Notice only when the Plaintiff mentioned it in the course of a conversation with the chambers staff.

On October 3, 2006 at approximately 1:15 pm Plaintiff telephoned D.C. Superior Court chambers of Judge Neal Kravitz and spoke with his law clerk, Donald Sherman, regarding Orders pertaining to the disposition of this case from Judge Kravitz that were dated September 27, 2006 that Plaintiff received in the mail after the August 25, 2006 Superior Court Notice of Filing of Removal of a civil action #05-1639 in Delaine v. Brink food stores, Inc. et al, stating that D.C. Superior Court shall proceed no further unless and until this case is remanded and further therein stated. Is that a copy of the Notice of Removal (with attachments) is attached hereto, and the certificate of service states that all parties were forwarded copies on August 25, 2006. Judge Neal Kravitz law clerk, Donald Sherman, stated to Plaintiff that the Notice of Removal was not filed with Superior Court Clerk and that he had no record of its filing, nor did he have copies of the documents that were filed. Plaintiff informed Donald Sherman that she would forward him a copy of the documents that were filed in Superior Court. On October 3, 2006 Plaintiff mailed to Donald Sherman copies of the Notice of Removal, with attachments, that were filed with Superior Court Clerk on August 25, 2006 and were mailed to Plaintiff on August 25, 2006 by the U.S. Department of Justice

22

(see Plaintiff's November 30, 2006 District Court's "Plaintiff's Opposit-
ion to Federal Defendant's Motion to Dismiss," Exhibit 7 - showing
Judge Kravitz's October 4, 2006 Order; D.C. Superior Court's August
25, 2006 Notice of filing Notice of Removal of A Civil Action; and Plaintiff's
October 3, 2006 letter to Superior Court Law Clerk, Donald Sherman
& Judge Neal Kravitz's chambers); (see attached Exhibit 1 -
copy of envelope post dated August 25, 2006 from U.S. Department of Justice
addressed to Plaintiff).

The October 4, 2006 Superior Court Order of Judge Neal Kravitz
that cancelled the October 12, 2006 evidentary hearing that was scheduled
in his September 27, 2006 Order, did not vacate his September 27,
2006 Order that granted summary judgment in favor of defendants
District of Columbia and Sheryl E. Ellison but instead stated that the
Court will leave it to the U.S. District Court to determine whether
the court's orders of September 27, 2006 should be enforced or
whether they should be vacated in light of the United States filing
of the notice of removal on August 25, 2006. The October 4,
2006 Order of Judge Kravitz regarding the scheduled October
12, 2006 evidentary hearing that was Ordered on September 27,
2006 should have stated therein, that the court should
leave it to the U.S District Court to determine whether the
Superior Court's September 27, 2006 Order should be enforced
Or whether it should be vacated in light of the U.S. Department
of Justice's filing the August 25, 2006 notice of Removal, instead of
Superior Court Judge Kravitz cancelling the evidentary hearing
that he Ordered scheduled for October 12, 2006. The September 27,
2006 Superior Court Order of Judge Neal Kravitz also denied
Plaintiff's July 17, 2006 "Plaintiff's Motion To Vacate The Superior
Court's July 7, 2006 Order Denying Her Motion For Judgment By
Default Against Defendant United States," after defendant United
States August 25, 2006 Notice of Removal of a civil action was filed
with Superior Court Clerk, stating that Superior Court shall proceed no further,
and the September 27, 2006 Order was given more than two months

23

after Plaintiff filed her July 17, 2006 "Motion to Vacate the July 7, 2006
Order denying Plaintiff's Motion for a Default Judgment Against
Defendant, United States," after Plaintiff clearly established a claim
or right to relief by evidence satisfactory to the court for a default
Judgment entry against defendant, United States, pursuant to
F.R.Civ.P. 4 (i)(1A and B), 54 (c), and 55 (a) and 55 (e).

Judge Kravitz denied Plaintiff's Motion for Default Judgment
against Defendant, Froelich, ten days after Plaintiff had filed her motion,
and Judge Kravitz defended on behalf of defendant, Froelich,
who was required to file a response to plead or deny the allegations
asserted against him, pursuant to F.R. Civ. P. 8(b). Judge Kravitz
also denied Plaintiff's July 5, 2006 Motion for Judgment by
default against defendant United States for failure to comply
with court rules in answering the Amended Complaint within prescrib-
ed time, on July 7, 2006, two days after Plaintiff filed her
Motion, and he also personally defended on behalf of defendant,
United States, who had not complied with court rules in
answering the complaint after they were properly served by
certified mail with return receipts on January 1, 2006 in
the United States Attorney's Office, and on January 17,
2006, in the U.S. Office of Attorney Generals Office, and
again, both of these offices authorized designee for
service of process were served on March 20, 2006 by
Superior Court Clerk, pursuant to SCR 54-II, who is an officer
of the Court specially appointed by the court for that purpose,
and again, defendant, U.S. failed to comply with court rules
in answering the Amended Complaint, and completing, signing,
and returning the acknowledgement form to the sender, which
was mailed to them by the clerk with the Amended Complaint,
summons, and initial order. On July 17, 2006 Plaintiff filed
in Superior Court a "Motion to Vacate July 7, 2006 Order denying
her motion for Judgment by Default against defendant, United States,"
with copies of the certified mail return receipts that were attached    24

to her Affidavits of service on Certified Mail that was filed with Superior Court Clerk on February 15, 2006, that Judge Kravitz stated his reason for denying Plaintiffs motion for judgment by Default against, defendant, United States, was because Plaintiff did not attach her writ her Affidavits of service by certified mail that she filed with the Clerk. On July 27, 2006 Judge Kravitz denied Plaintiffs July 17, 2006 "Motion to Vacate Order Denying Default Judgment against the federal defendants, ten days after Plaintiff filed her Motion to Vacate, and Judge Kravitz again defended on behalf of the federal defendants, who still had failed to comply with court rules in answering the Amended Complaint or the Motion for judgment by Default against them, and Judge Kravitz stated his reason for denying Plaintiffs motion to Vacate was because Plaintiff could not prove that the names of the persons who signed the certified mail receipts were the authorized designee persons to accept service on behalf of defendants, United States, eventhough Plaintiffs certified mail was properly addressed to the authorized designee person, and the defense asserted in the denial order was plead by Judge Kravitz, as defendant, United States, never filed any response to plead or to defend pursuant to F.R.Civ.P. 8(d). Judge Kravitz continually ignored Plaintiffs allegations and proof of evidence that Superior Court Clerk, pursuant to SCR 54-II, also effected service of process upon defendant, United States, on March 20, 2006. On August 7, 2006 Plaintiff filed a "Motion To Alter or Amend the July 27, 2006 Order Denying her motion To Vacate July 7, 2006 Order Denying her Default Judgment Motion Against the federal defendants" and Plaintiff pleaded therein that the Court's job is to make judgments based on the parties pleadings and to not plead or defend on behalf of the parties, especially when the party failed to comply with court rules in filing responsive pleadings and answers to plead or defend, pursuant to F.R.Civ.P. 8(d). Plaintiffs motion was denied on September 27, 2006, more than a month after the federal defendants August 25, 2006 Notice of Removal was filed, and almost

25

two months after Plaintiff filed the August 7, 2006 "Motion to Alter or Amend Judgment" and Judge Kravitz continues to fail to comply with court rules by not pleading or defending on behalf of defendants who failed to comply with court rules in filing responsive pleadings within prescribed time, whereby Judge Kravitz stated therein his denial order that Plaintiff's motion must once again be denied, as plaintiff has persisted in her failure to prove that the persons who signed the certified mail receipts upon which Plaintiff relies for proof of service meet the appropriate qualifications for receipt of process on behalf of defendant, United States. Again Judge Kravitz completely ignored Plaintiff's proof of service shown in the civil dockets that the Clerk effected service of process upon the federal defendants on March 20, 2006 and the clerk is an officer of the court specially appointed by the court for that purpose.

Further recent Judge Kravitz's September 27, 2007 denial order of Plaintiff's Motion to Alter or Amend Judgment of the July 27, 2006 order denying Motion to Vacate the July 7, 2006 order denying Motion for "Judgment By Default against the federal Defendants," he ordered the Director of the Civil Division to transmit to the U.S. Marshalls to effect service of process on the federal defendants, and for a statement to certify that they were served is to be filed with the court by November 15, 2006. The summons that the Civil Division Director was ordered to transmit for the U.S. Marshalls to effect service of process were addressed to the same authorized designees for service on behalf of the United States that Plaintiff's certified mail return receipts were addressed and whom the clerk addressed when she served them by mail pursuant to SCRC54 A, on March 20, 2006 (See November 30, 2006 District Court, civil action no. 06-1502 "Plaintiff's Opposition to Federal Defendants Motion To Dismiss" Exhibits 2, 3, 4, 5, 6 and 7).

b. On September 27, 2006, more than a month after defend-

26

arts, United States, filed their August 25, 2006 Notice of Remoding a civil action with Superior Court Clerk, stating therein that Superior Court shall proceed no further in this case, Judge Kravitz Ordered the defendants District of Columbia and Sheryl Ellison's, Motion for Summary Affirmance Granted, and again throughout the nature of proceedings in this instant action regarding the District of Columbia and Sheryle Ellison defendants Judge Kravitz continually pleaded and defended on their behalf by denying Plaintiff's motion for Judgment By Default against them, pursuant to SCR Civ. 55(a), for reasons stated that Plaintiff did not attach the certified mail receipt which she relies for proper service to the Affidavits of Service by Certified Mail that was filed with the Clerk. Plaintiff's Motion To Vacate Order Denying Motion for Judgment by Default against them was denied because Judge Kravitz gave reason in his defense on behalf of defendants District of Columbia, who still had not complied with court rules in answering the complaint or the default Judgment motion, and Judge Kravitz stated that the persons who signed the certified mail receipts for receipts serving process on behalf of the District of Columbia were not proven to be the authorized designees for receipt of service, even though Plaintiff properly addressed the certified mail to the proper authorized designee persons & Plaintiff continually established a claim or right to relief entitlements by evidence satisfactory to the court for an entry of a default Judgment against the District of Columbia and Sheryl Ellison Defendants. Plaintiff also provided evidence to the court that the Clerk also effected service process upon them properly on March 20, 2006, as the Clerk is an Officer of the court specially appointed by the court for that purpose, but Judge Kravitz continually ignored that fact & evidence provided by Plaintiff and the civil docket. When the Defendants District of Columbia and Sheryl Ellison responded to Plaintiff's Motion To Vacate Order Denying Motion for Judgment By Default against them, they asserted the same defense that was asserted on their behalf by Judge Kravitz, and they

27

pleaded in their defense insufficiency of process and insufficiency of service of process, stating that they were never served with process; even though Plaintiff provided the court with clear and ample proof of evidence satisfactory to the court that the District of Columbia Defendants were properly served for an entry of default judgment against them, pursuant to F.R.C.v.P. 4(i)(1A and B); and 54(c); and 55(a) and 55(a).

C. Defendant, United States counsel, Kathleen Kanopka's, August 25, 2006 Notice of Removal of Civil Action (with attachments) filed with Superior Court Clerk and copies were forwarded to all defendants, was forthwith transmitted to Plaintiff's case file in Superior Court civil action no. 05-1639, whereby Judge Kravitz continued to give Orders regarding the disposition of his case after received notice that Superior Court shall proceed no further in this case unless and until the case is remanded. None of the defendants who were dismissed from the case or their hearing for show cause order cancelled by Judge Kravitz's September 27, 2006 Order, ever attempted to contact the court regarding the Order given after they received the August 25, 2006 Notice of Removal of this action from the United States Department of Justice. These defendants also did not comply with court rules in answering the Complaint or the Default Judgment Motions against them, within prescribed time because Judge Kravitz pleaded their defense in his Orders that denied Plaintiff her established claim or right to relief by evidence satisfactory to the court for an entry of default judgment against them.

## Conclusion

Wherefore, given the aforementioned reasons, Plaintiff and pursuant to F.R.Civ.P. 60 (b)(6), relief from District Court's August 17, 2007 Order denying "Plaintiff's Motion to Vacate July 23, 2007 Order Granting Defendant, William S. Fralin's Motion to Dismiss Complaint", hereby moves as an independent action for an evidentiary hearing, and pursuant to F.R.Civ.P. 11(b)(1,2,3 and 4), and 11(c), for representations to the Court for improper purposes, and for sanctions for violations of subdivision (b). Plaintiff also moves for an evidentiary hearing, pursuant to F.R.Civ.P. 56(g), summary judgment for Affidavits made in bad faith. Plaintiff further moves this Court to Vacate the Order Granting Defendant, Fralin's Motion to Dismiss Complaint and to Grant Plaintiff's Motion for Judgment by Default Against Defendant, William S. Fralin.

Plaintiff's June 28, 2007 District Court "Opposition to Motion of Defendant, William S. Fralin, to Dismiss Plaintiff's Complaint and for Plaintiff's Motion for Judgment by Default" states therein that defendant, Fralin, intentionally makes a continual repetitious pattern of failing to comply with Court rules in answering the Complaint and pleadings within prescribed time after having received proper service; tampering with Court evidence documents and presenting fraudulent documents and representations to the Court; submitting to the Court sworn and notarized Affidavits intentionally made in bad faith with false statements and intentional misrepresentations of material facts made with the knowledge of the falsity of his statements; done in malice, solely for the purpose of defrauding the Court, and for the purpose of delay.

Plaintiff hereby requests this Court to Vacate the Order Granting "Defendant, Fralin's Motion to Dismiss Complaint and to Enter a Judgment by Default Against him including sanctions, and reasonable fees and that any offending party or attorney maybe adjudged guilty of contempt. Defendant, Fralin's Opposition to Plaintiff's Motion for Judgment by Default supported by his own Affidavit, states therein that he contends that the signature on the certified mail receipt

29

is not his own and that he has never been served with process in this case of Delaine v. Giant Food/Stop&Shop, et al. Plaintiff requests an evidentiary hearing as an independent action, pursuant to F.R.Civ.P. 60(b)(6), to relieve her from District Court's August 17, 2007 Order denying her Motion to Vacate July 23, 2007 Order Granting Defendant, William S. Fralins, Motion to Dismiss Complaint.

Respectfully submitted,

Ellen L. Delaine
5608-14th Street N.W.
Washington, D.C. 20011
202-829-1745

20

Certificate Of Service

I Hereby Certify that a copy of the foregoing "Plaintiff's Motion For Relief From District Court's Order Denying Motion To Vacate Order Granting Defendant Williams Fralins Motion To Dismiss Complaint, And/ Or Motion For Evidentary Hearing" was mailed first class, postage prepaid this 8th day of October, 2007 to:

Jordan Coyne & Savits, LLP
Padraic K. Keane
1100 Connecticut Avenue NW
Suite 600
Washington, D.C. 20036

Gibson, Jones & Associates, LLP
Joseph L. Gibson, Jr.
6811 Kenilworth Avenue
Suite 210
Riverdale, MD. 20737

Valerie Dawson
405 Rock Creek Church Road NW
Washington, D.C. 20011-5941

Phillip A. Lattimore, III
Office Of The Attorney General for D.C.
441-4th Street NW
Suite 6S065
1 Judiciary Square
Washington, D.C. 20001

DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP
Jeffrey R. DeCaro
4601-Forbes Boulevard
Suite 200
Lanham, MD. 20703-0040

Ellen L. Delaine
Ellen L. Delaine

31

U.S. Department of Justice
United States Attorney
District of Columbia
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C. 20001

Official Business
Penalty for Private Use $300

ELLEN L. DELANE
5608 14th Street NW
Washington DC 20011



Exhibit 1